JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
PATRICK A. CATHCART (CA Bar No. 65413)
pcathcart@adorno.com
AMY L. MORSE (CA Bar No. 92135)
amorse@adorno.com
REGINALD ROBERTS, JR. (CA Bar No. 216249)
rroberts@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel:  (213) 229-2400
Fax:  (213) 229-2499

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., for itself and
as an acquirer of certain assets and liabilities of
Washington Mutual Bank from the FDIC acting
as receiver

**UNITED STATES DISTRICT COURT,**

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ROBERTS, an individual,<br><br>        Plaintiffs<br><br>v.<br><br>WASHINGTON MUTUAL BANK FA, a Federal Savings Bank, organized and existing under the laws of the United States of America; JPMORGAN CHASE BANK, N.A., a national association, organized and existing under the laws of the United States of America; and DOES 1-10, inclusive,<br><br>        Defendants. | **CASE NO.:** C 09-1855 PVT<br>(Consolidated with C09 01879HRL)<br><br>**MAGISTRATE JUDGE:** Hon. Patricia V. Trumbull<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**RE:  C 09-1855PVT**<br>**INITIAL CASE MANAGEMENT**<br>**CONFERENCE:**  October 20, 2009<br>**COURTRM:**  5<br>**TIME:**  2:00 PM<br><br>**RE:  C09 01879HRL**<br>**CASE MANAGEMENT**<br>**CONFERENCE:**  September 1, 2009<br>**COURTRM:**  5<br>**TIME:**  1:30 PM<br><br>Trial Date**:**          **None Set** |

Plaintiff Cynthia Roberts ("Plaintiff") and defendant JPMorgan Chase Bank, N.A., for itself and as an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal

1

2024820.1

Deposit Insurance Corporation acting as receiver ("JPMorgan") (collectively, the "Parties"), hereby submit this Joint Case Management Statement.

**1. Jurisdiction and Service**

Plaintiff has named the following as defendants: Washington Mutual Bank, F.A., a federal savings bank ("WAMU"); JPMorgan Chase Bank, N.A., a national association; and Does 1-10.

The following defendants have been served: JPMorgan and WAMU.

*JPMorgan*: This Court has jurisdiction, because Plaintiff, in the complaint, asserts claims for violation of the Truth in Lending Act ("TILA"), for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601; and violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, which are federal statutes.[1]

*Plaintiff*: Plaintiff filed this matter in the United States District Court.

**2. Facts:**

Plaintiff seeks statutory damages, declaratory and injunctive relief, and to quiet title pursuant to the nineteen (19) causes of action identified on the caption page, and thirteen (13) claims set forth in the body of the Complaint on file in this action bearing Case No. C 09-01879 HRL ("Complaint"). According to Plaintiff, defendants failed to make certain disclosures at the time the subject loan ("Loan") was issued to Plaintiff in connection with real property located at 107 Silverwood Drive, in the City of Scotts Valley, County of Santa Cruz, California ("Subject Property"). Plaintiff contends also that defendants violated various statutes and regulations when attempting to collect on the loan following Plaintiff's default.

**3. Legal Issues:**

*JPMorgan:*

JPMorgan contends that as a matter of law, Plaintiff cannot state a claim against JPMorgan. JPMorgan did not participate in the loan origination process which forms the basis of Plaintiff's case.

---

[1] The caption page of the Complaint also identifies causes of action for violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981, violation of the civil Rights Act, 42 U.S.C. §3601, violation of the Civil Rights Act of 1964, 42 U.S.C. §2000d, and violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691. However, these claims do not appear in the body of the pleading.

2024820.1

1  Plaintiff fails to state a claim for "Violation of 15 USCA 1601." Plaintiff contends that the defendants violated TILA by failing to make proper disclosures required under the Truth in Lending Act. JPMorgan cannot be liable for TILA violations, because it is not the originating lender or assignee. <u>The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor</u>. *See* 15 USC §§ 1640-1641. JPMorgan is not the lender or assignee of the lender in connection with the Loan. Thus, JPMorgan cannot be liable for any purported TILA violations.

Even assuming that Plaintiff can state a claim for TILA violations, the statute of limitations for civil penalties has expired. Civil penalties under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). Plaintiff entered into the loan agreement over many years before filing this action.

Plaintiff fails to state a claim for "Violation of 12 USCA 2601." In support of the Real Estate Settlement Procedures Act ("RESPA") claim, Plaintiff essentially alleges that the defendants failed to make certain disclosures required under RESPA. Disclosure requirements under RESPA do not provide for a private right of action. *Bloom v. Martin*, 865 F.Supp. 1377, 1383-1386 (N.D.Cal. 1994); *see also Transamerica Mortgage Advisors v. Lewis*, 444 U.S. 11, 21 (1979) (holding that omission of private remedies in subsequent version of a securities statute "strongly suggest[ed]" that Congress did not intend to create a private right of action).

Moreover, though labeled as a claim under Section 2601 of RESPA, Plaintiff's claim that the defendants failed to provide her with special information booklets and accompanying disclosures actually refers to the requirements of Section 2604, of title 12 of the United States Code ("Section 2604"). Section 2604 does not provide for a private right of action, as it is a provision relating to disclosures under RESPA. *Bloom*, *supra,* 865 F.Supp. at 1383-1386. Absent statutory authority to the contrary, Plaintiff's RESPA claim fails as a matter of law against JPMorgan.

Further, Plaintiff fails to allege any facts to support her claim that the defendants violated California high cost loan mortgage disclosure requirements, i.e., violation of California Financial Code Section 4970, *et seq.* Section 4970 applies to original lenders. In this case, JPMorgan did not originate the Loan.

3

2024820.1

The Legislature designed Section 4970 to combat predatory lending practices. Indeed, the Legislature noted when enacting the law, that its concern stemmed from practices of a "small minority of **lenders**." See Legislative Comment to Section 4970. In this case, JPMorgan is now merely handling the Loan, and therefore, cannot be held responsible for any purported acts or conduct of the originating lender of the loan at issue in this matter.

Plaintiff fails also to state a claim for "Fraud." The elements for fraud are: 1) a false representation of a material fact, 2) knowledge of the falsity (*scienter*), 3) intent to induce another into relying on the representation, 4) reliance on the representation, and 5) resulting damage. *Ach v. Finkelstein* 264 Cal.App.2d 667, 674 (1968). Federal Rule of Civil Procedure ("FRCP") Rule 9 has a specificity or particularity requirement. FRCP 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, FRCP 9(b) serves to furnish the defendant with notice, but also imposes the additional obligation on the plaintiff to "aver with particularity the circumstances constituting the fraud." *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994).) The *GlenFed* court interpreted FRCP 9(b) to require allegations substantiating not only the time, place and content of the alleged misrepresentation, but also the circumstances indicating false statements:

> [t]o allege fraud with particularity a Plaintiff must set forth more than the mutual facts necessary to identify the transaction. The Plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the Plaintiff must set forth an explanation as to why the statements or omissions complained are misleading. *Id*. at 1547-48.

Each element of fraud must be alleged factually and specifically. *Tarmann v. State Farm Mutual Auto Insurance Co*., 2 Cal.App.4th 153, 157 (1991). Plaintiff does not allege specific facts regarding fraud committed specifically by JPMorgan in the loan origination process because JPMorgan did not originate the Loan.

Plaintiff defaulted on her loan. JPMorgan does not have a contractual obligation to negotiate to relieve Plaintiff from the Loan or its terms. Plaintiff cannot recover damages for breach of contract against JPMorgan because Plaintiff, not the defendants, defaulted on the Loan.

4

2024820.1

Plaintiff fails also to state a claim for "breach of the covenant of good faith and fair dealing" based on the prima facie elements of the cause of action. The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, liability cannot be extended to create obligations not contemplated by the contract. *See Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.App.4th 1026, at 1034 (1992).

In the Complaint, Plaintiff fails to specify the acts by JPMorgan that constitute the alleged breach of covenant. Plaintiff asserts a covenant with "Defendants" and claims that "Defendants" apparently breached it by commencing foreclosure proceedings. Plaintiff fails, however, to establish that she did all, or substantially all of the significant things that the contract required her to do or that she was excused from having to do those things. Moreover, Plaintiff points to no agreement wherein the Plaintiff and JPMorgan agreed not to commence foreclosure.

Civil Code Section 2923.6 does not mandate that the lender provide the borrower with a loan modification. Rather, such action is only encouraged on the part of the lender. Lenders are not mandated by law to modify loans in connection with real property. See Legislative Comment to Civil Code Section 2923.6.

Section 2923.6(a)(2) is permissive and leaves servicers with the discretion to implement a loan modification with parties to a loan pool agreement where "[a]nticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis." *Id*. The statute does not require an offer of a loan modification to the borrower or that the mortgagee, beneficiary, or authorized agent must accept a suggested modification proposed by the borrower. *See Connors v. Homeloan Corp.*, 2009 WL 1615989 (S.D.Cal. June 9, 2009) (finding that Section 2923.6 does not require a loan servicer to offer a loan modification); *Pitmann v. Barclays Capital Real Estate, Inc.*, 2009 WL 1108889 (S.D.Cal. April 24, 2009) (finding that Section 2923.6 only creates a duty between a loan servicer and a loan pool member, and it in no way confers standing on a borrower to contest a breach of that duty). Civil Code Section 2923.6 does not provide for a private cause of action. A mere allegation of a violation of a statute or regulation by a defendant does not entitle the plaintiff to assert a claim against that defendant. *See Vikco Ins. Services, Inc. v. Ohio Indemnity Co*., 70 Cal.App.4th at 62-63 (1999).

5

2024820.1

1   Here, Plaintiff's eighth cause of action based on Civil Code Section 2923.5 fails on its face. The Notice of Default recorded against the Subject Property and Loan indicates that California Reconveyance Company ("CRC") declares that JPMorgan "has contacted borrower, [and] tried with due diligence to contact the borrower as required by California Civil Code § 2923.5." Simply because such form is standardized does not render the form a falsity.

Plaintiff's claim for violation of the Rosenthal Fair Debt Collection Act fails because the act of foreclosing on a property is not considered a "collection of debt". *Izenberg v. ETS Services, Inc.*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008). Furthermore, even if foreclosure did constitute debt collection, Plaintiff must allege the particular provisions of the Rosenthal Act that JPMorgan allegedly violated. *Id.*

As to Plaintiff's claim for violation of California Business and Professions Code sections 17200 and 17500, Plaintiff cannot maintain a claim against JPMorgan as JPMorgan could not have committed any unlawful or unfair business practice in connection with the making of the Loan as JPMorgan was not the original lender. *See Emry v. Visa International Service Ass'n*, 95 Cal.App.4th 952, 960 (2002). A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 or 17500. *Id.*

Plaintiff's claim to "Quiet Title" also fails. In order to successfully allege a cause of action for quiet title, the Complaint must be verified and allege: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. § 761.020. Plaintiff fails to plead the first element of the quiet title claim in that Plaintiff fails to include a legal description of the property. In addition, Plaintiff does not specify the adverse claims to asserted by JPMorgan. Plaintiff alleges generically that "Defendants…claim an interest in the Property adverse to Plaintiff." Finally, Plaintiff fails to state facts necessary to satisfy the fourth and fifth elements of this claim.

Finally, Plaintiff fails to state a claim for "declaratory relief." Plaintiff essentially seeks a

6

2024820.1

1  declaration as to the validity of the Loan presumably based upon the alleged improper disclosures

2  under TILA and RESPA.  Declaratory relief is available at the discretion of this Court.

3  *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393 (9th Cir. 1982).  The purpose of this

4  section is to afford a remedy to one who is uncertain of his rights.  *McGraw-Edison Co. v.*

5  *Preformed Line Products Co.*, 362 F.2d 339 (9th Cir. 1966).  No "actual controversy" exists between

6  Plaintiff and JPMorgan.  JPMorgan did not participate in the origination process.  Here, Plaintiff's

7  claims do not fall within the purpose of 28 U.S.C. Section 2201 because the Complaint is not

8  brought to avoid damages – all damages concerning the purported disclosure violations already

9  occurred.  A declaration as to the "duties and obligations of the respective parties with regard to the

10 mortgage loan transaction" will do nothing to prevent the accrual of avoidable damages because the

11 alleged damage – here the disclosure violations – already occurred.

12       Plaintiff cannot prevail on any of the claims he asserts in his Complaint, and his cause of

13 action for injunctive relief will so too fail.

14       ***Plaintiff***:  For obvious reasons, Plaintiff disagrees with Defendants' analysis of the case.

15 Briefly, the Plaintiff has pled sufficient law and facts for most of the causes of action pled.  There

16 are a limited number of causes of action that the Plaintiff will be willing to dismiss (e.g. HOEPLA,

17 and Civil Code Section 2923.6 and Quiet Title).  On the whole, however, Plaintiff maintains that she

18 has pled sufficiently most of the causes of action.

19       With regard to JP MORGAN CHASE as a defendant, Plaintiff alleges it is liable as the

20 successor in interest to WASHINGTON MUTUAL since JP MORGAN bought most of

21 WASHINGTON MUTUAL's assets, including Plaintiff's loans.

22       With regard to the first and second causes of action, Plaintiff alleges that although her loan is

23 older, the claims survive the relevant statute of limitations because the SOL was tolled.  Plaintiff

24 believes that she has pled sufficient facts to maintain a cause of action for fraud.  In regard to the

25 breach of contract and breach of covenant of good faith and fair dealing, the Defendant is liable for

26 breaching the contract in several ways, including not providing the loan with the terms that were

27 negotiated.

28       On the whole, the Plaintiff has pled sufficient facts for most of the causes of action to survive

2024820.1

1  a 12(b)(6), although Plaintiff will admit that there are likely some causes of action that she should

2  dismiss.

3  **4.   Motions:**

4  JPMorgan plans to file a Motion to Dismiss pursuant to FRCP 12(b)(6).

5  Should this matter not be dismissed, JPMorgan may bring a motion for summary judgment

6  pursuant to FRCP 56.

7  **5.   Amendment of Pleadings:**

8  *JPMorgan*:  None.

9  *Plaintiff*:   Plaintiff anticipates amending its Complaint.

10 **6.   Evidence Preservation:**

11 JPMorgan and the Plaintiff are not aware of any spoliation of evidence, and each have taken

12 all reasonable steps to maintain all evidence that may lead to the discovery of any admissible

13 evidence.

14 **7.   Disclosures:**

15 *JPMorgan*:  The Parties are ready to engage in a Rule 26 meeting.

16 **8.   Discovery:**

17 *JPMorgan***:**  JPMorgan has not commenced any discovery.  However, JPMorgan is ready to

18 engage in discovery after a Rule 26 meeting.  JPMorgan requests that the parties enter into a

19 protective order regarding any documents containing information protected by privacy interests,

20 business information or other privilege that JPMorgan may be obligated to produce, if any, during

21 discovery in this matter.

22 *Plaintiff*:   Plaintiff agrees with JP MORGAN's position.

23 **9.   Class Actions:**

24 This is not a class action.

25 **10.  Related Cases:**

26 JPMorgan understands that on or about June 10, 2009, this Court consolidated Case Numbers

27 C 09-01879 HRL and C 09-1855 PVT and ordered that all future filings regarding these matters list

28 Case Number C 09-1855 PVT.  However, the Order did not vacate the Case Management

Conference date of September 1, 2009 scheduled in the C09 01879HRL matter.

**11.** **Relief:**

Plaintiff seeks damages, and / or a modification of her loan, and/or rescission of her loan.

**12.** **Settlement and ADR:**

*JPMorgan*:

JPMorgan has provided Plaintiff with a loan modification application.

*Plaintiff*: Plaintiff is amenable to mediation. In addition, Plaintiff will be submitting the loan modification package provided by JPMORGAN.

**13.** **Consent to Magistrate Judge:**

Both Parties consent to a magistrate judge.

**14.** **Other References:**

This case is not suitable for binding arbitration, special master or other special reference.

**15.** **Narrowing of Issues:**

JPMorgan believes that the issues could probably be narrowed by stipulating to certain facts. Plaintiff is uncertain if this is possible or what facts could be stipulated to.

**16.** **Expedited Schedule:**

Neither party believes that this case is not suitable for expedited schedule.

**17.** **Scheduling:**

JPMorgan cannot determine the dates for discovery cutoff, designation of experts, and hearing of dispositive motions, since no discovery has commenced.

Plaitniff would propose the following:

a. discovery cutoff—60 days before trial

b. designation of experts – 60 days before trial

c. last day to file motions – 30 days before trial

**18.** **Trial:**

*JPMorgan*: JPMorgan requests a court trial, and the length of the trial will be no more than three (3) days.

*Plaintiff*: Plaintiff requests a jury trial, and length shall be 4-5 days. Plaintiff requests a trial

9

date of after July 2010 or before June 2010.

**19.     Disclosure of Non-Party Interested Entities and Persons:**

*JPMorgan* is a wholly owned subsidiary of JPMorgan Chase & Co., which is a publicly traded corporation. No publicly held corporation owns ten percent (10%) or more of JPMorgan Chase & Co.'s stock as of October 7, 2005.

*Plaintiff* is not aware of any interested parties.

**20.     Other Matters**

Not applicable.

DATED: August 28, 2009          ADORNO YOSS ALVARADO & SMITH
                                A Professional Corporation


                                By:    /S/ Reginald Roberts, Jr.
                                    JOHN M. SORICH
                                    PATRICK A. CATHCART
                                    AMY L. MORSE
                                    REGINALD ROBERTS, JR.
                                    Attorneys for Defendant
                                    JPMORGAN CHASE BANK, N.A., for itself and as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver

DATED: August 28, 2009          TRINITY LAW ASSOCIATES, Inc.


                                By:   /s/ Timothy D. Thurman
                                    TIMOTHY D. THURMAN.
                                    Attorneys for Plaintiff
                                    CYNTHIA ROBERTS

2024820.1