UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA ROBERTS,<br><br>            Plaintiff,<br><br>      v.<br><br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>            Defendants.<br><br>AND RELATED CROSS-ACTION | Case No.: C 09-1855 PVT<br>(Consolidated with Case No. C 09-1879)<br><br>**INTERIM ORDER SOLICITING FURTHER BRIEFING FROM DEFENDANT CHASE; AND**<br><br>**ORDER CONTINUING HEARING** |

Currently scheduled for hearing on September 14, 2010, is the motion to dismiss brought by Defendant JP Morgan Chase Bank, N.A. ("Chase"). Having reviewed the papers submitted by the parties,[1] the court finds it appropriate to issue this interim order soliciting further briefing from

---

[1] On November 24, 2009, this court issued an order staying the case for 60 days to allow Plaintiff time to either retain new counsel or else substitute herself in to represent herself in *pro per*, because it had come to the court's attention that Plaintiff's attorney had resigned from the California State Bar with charges pending, and it was unclear whether Plaintiff was aware her attorney was no longer eligible to practice law. At the Plaintiff's request, the court twice extended the stay. In the order granting the second extension of the stay, the court expressly ordered that "[a]bsent exigent circumstances, no further extension of the stay will be granted." The court also set a briefing and hearing schedule on Defendant's pending motion to dismiss. On the deadline for Plaintiff to file an opposition, Plaintiff filed a document indicating she is still searching for an attorney, and renewing her request for referral to the federal pro bono project and asking for a further stay. The court has issued an order granting the request for the referral contemporaneously with this order. However, given the extensive delays the court has already granted, the court finds that no further stay is warranted.

ORDER, *page 1*

Defendant Chase and continuing the hearing. Based on the briefs and arguments submitted and the file herein,

IT IS HEREBY ORDERED that no later than October 5, 2010, Defendant Chase shall submit a supplemental brief addressing the issue of whether or not it assumed any liability related to the alleged failure of Washington Mutual to comply with the requirements of California Civil Code section 2923.5.

This, and other courts, have taken judicial notice of the Purchase and Assumption Agreement (the "P & A Agreement") pursuant to which the Federal Deposit Insurance Corporation ("FDIC") sold certain assets and liabilities of Washington Mutual to Chase. *See, e.g., Federici v. Monroy*, 2010 WL 1223192 (N.D. Cal. Mar. 25, 2010); *see also, Molina v. Washington Mut. Bank, et al.*, 2010 WL 431439, *4 (S.D.Cal. Jan. 29, 2010) (same). And the courts consistently find that Chase did not assume any liability arising out of Washington Mutual's origination of home loans. *See Federici v. Monroy,* 2010 WL 1345276 (N.D. Cal. Apr.6, 2010), (dismissing claims against Chase that were predicated on allegations that Washington Mutual negligently prepared loan documents and made negligent misrepresentations); *see also, Danilyuk v. JP Morgan Chase Bank, N.A.*, 2010 WL 2679843 (W.D. Wash. Jul. 2, 2010) ("District courts have repeatedly dismissed TILA and RESPA claims brought against Chase because the P & A Agreement specifies that Chase did not assume liability for such claims.").[2]

However, the alleged violation of Section 2923.5 arises not out of Washington Mutual's acts and/or omissions in connection with the origination of the loan at issue in this lawsuit, but rather out of its loan *servicing* activities. *See Johnson v. Wash. Mut., et al.*, 2010 WL 682456 *7-8 (E.D.Cal. February 24, 2010) (finding dismissal of claims against Chase is unwarranted based on language of Section 2.1 of the P & A Agreement, which may have shifted Washington Mutual's pre-September 25, 2008 loan servicing liabilities to Chase).

Thus, while the court is inclined to grant the motion to dismiss as to most of the other causes of action, unless Defendant Chase can show that it did not assume Washington Mutual's loan

---

[2] Although noting that other courts had dismissed TILA claims pursuant to the P & A agreement, the court in *Danilyuk* declined to dismiss the Danilyuks' claim for rescission under TILA.

*servicing* liabilities, the court is not inclined to dismiss this cause of action.[3]

While the Defendants contend that section 2923.5 does not afford a private right of action, there is not a consensus among the courts who have considered this issue. *Compare, Gaitan v. Mortgage Electronic Registration Systems*, 2009 WL 3244729, *7 (C.D.Cal. 2009) (finding no private right of action) with *Mabry v. Superior Court*, 185 Cal.App.4th 208, 217 (Jun. 2, 2010) (finding a private right of action). The court finds the reasoning of *Mabry* more persuasive.

IT IS FURTHER ORDERED that Plaintiff may file a response to Defendant's supplemental brief no later than November 2, 2010.

IT IS FURTHER ORDERED that hearing on Defendant's motion is CONTINUED to November 9, 2010 at 10:00 a.m.

Dated: *9/13/10*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] The court takes no position regarding the likelihood Plaintiff will ultimately succeed on this claim on the merits.

copies mailed on    *9/13/10*        to:

Cynthia Roberts
107 Silverwood Dr.
Scotts Valley, CA  95066

           */s/   Donna Kirchner*
           DONNA KIRCHNER
           Judicial Law Clerk