Cynthia Roberts
107 Silverwood Dr
Scotts Valley, CA 95066
831-431-7272



FILED
NOV 02 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ROBERTS,<br><br>Plaintiff<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>WASHINGTON MUTUAL BANK, FA, and<br><br>DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | Case No.: C 09-1855 PVT<br><br>Hon. Patricia V. Trumbull<br><br>**REPLY BRIEF IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF P&A OF JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS**<br><br>DATE: November 9, 2010<br>TIME: 10:00 a.m.<br>CRTRM: 5 |

## REPLY IN OPPOSITION TO DEFENDANT JPMORGAN CHASE SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON THEIR MOTION TO DISMISS

Plaintiff Cynthia Roberts, respectfully submits this Reply Brief in Opposition to defendant JPMorgan Chase Bank, N.A. ("Defendant") Supplemental Memorandum of Points and Authorities on their Motion to Dismiss ("Motion to Dismiss").

I. **LEGAL STANDARD**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir.2001); *Monterey Plaza Hotel, Ltd. v. Local 483*, 215 F.3d 923, 926 (9th Cir.2000). Dismissals for failure to state a claim are viewed with disfavor and are rarely granted. *Gilligan v. Jamco Dev. Corp.*,

REPLY BRIEF IN OPPOSITION TO JPMORGAN CHASE SUPPLEMENTAL MEMO ISO MOTION TO DISMISS
U.S. DISTRICT COURT CASE NO: C 09-1855 PVT- 1

*108 F.3d 246, 249 (9th Cir. 1997); Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir. 1986)*(overturned on other grounds).

In considering a motion to dismiss, the standard of review is to accept as true all material allegations of the complaint, as well as all reasonable inferences to be drawn from them; to construe the complaint in the light most favorable to the plaintiff; and to determine whether any set of facts would entitle the plaintiff to relief. *Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996)*. To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim for relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)*(emphasis added).

## II. SUPPLEMENTAL BRIEFING REQUESTED BY THE COURT AND SUMMARY OF RESPONSE

On October 6, 2010, defendant JPMorgan Chase Bank, N.A., filed a supplemental briefing ordered by this Court that "Defendant Chase shall submit a supplemental brief addressing the issue of whether or not it assumed any liability related to the alleged failure of Washington Mutual to comply with the requirements of California Civil Code section 2923.5." (Docket No. 31, Case No. C09-1855 PVT [Order] at 2.) The Court indicated that, "while the court is inclined to grant the motion to dismiss as to most of the other causes of action, unless Defendant Chase can show that it did not assume Washington Mutual's loan servicing liabilities, the court is NOT inclined to dismiss this cause of action." (*Id.* at 2-3.) Defendant claims that

> *"…..dismissal of Plaintiff's eighth claim for violation of California Civil Code § 2923.5 does not require nor depend on resolution of this issue, as Section 2923.5 was not yet law at the time Washington Mutual Bank recorded the subject Notice of Default."*

## III. PLAINTIFF'S EIGHTH CLAIM STANDS VALID BECAUSE SECTION 2923.5 WAS LAW.

Washington Mutual Bank, N.A.'s, notice of default and notice of trustee sale were no longer actionable after Washington Mutual Bank, N.A. received and posted multiple payments

U.S. DISTRICT COURT CASE NO: C 09-1855 PVT- 2

of $4,038.00 each to Plaintiff's mortgage account in the months immediately prior to California Civil Code § 2923.5 was "effective" July 8, 2008 and "operative" September 6, 2008. California Civil Code § 2923.5(j). Washington Mutual Bank, N.A., filed a Notice of Trustee Sale on or around May 2008 after receiving payment of $4,038.00 on May 8, 2008 and applying payment to Plaintiff's mortgage account. On June 8, 2008, Washington Mutual Bank, N.A., received a payment of $4,038.00 and applied payment to Plaintiff's mortgage account in June 2008. California Civil Code § 33-721 states the notice of trustee sale may not be rerecorded for any reason. This subsection does not prohibit the recording of a new or subsequent notice of sale regarding the same property. Defendant's failed to record a new notice of default at any time after receiving and posting Plaintiff's payment of $4,038.00 in June 2008. Therefore the law 2923.5 was in affect and defendant's are required to abide by the law as it was in affect.

## IV. MOTION TO AMEND COMPLAINT AS TO ALL CAUSES OF ACTIONS.

Plaintiff motions the court for an order allowing her to amend her pleading for all causes of action the Court dismisses.

Federal Rule of Civil Procedure 8(a) only requires "a short and plain statement of the claim" giving the defendant fair notice of what the Plaintiffs' claim is and the grounds upon which it rests. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1997); *Cahill, supra*, 80 F.3d at 337-38.

Plaintiff is prepared to show that Defendant, JPMorgan Chase Bank, F.A., filed their supplemental brief to their motion to dismiss October 6, 2010, along with other pleadings and documents without proper standing to do so, and made material misrepresentations in their pleadings. An assignment was never recorded as required under California Civil Code §. *among other mandatory procedures based on California Civil code of procedures and law.*

REPLY BRIEF IN OPPOSITION TO JPMORGAN CHASE SUPPLEMENTAL MEMO ISO MOTION TO DISMISS
U.S. DISTRICT COURT CASE NO: C 09-1855 PVT- 3

Signed under penalty of perjury,

Dated this November 2, 2010

_____
Cynthia Roberts
Plaintiff

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

REPLY BRIEF IN OPPOSITION TO JPMORGAN CHASE SUPPLEMENTAL MEMO ISO MOTION TO DISMISS
U.S. DISTRICT COURT CASE NO: C 09-1855 PVT- 4

## VERIFICATION

I am the plaintiff in this action. I have read the foregoing motion. The matters stated in the motion are true of my own knowledge except those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Nov 2, 2010        *Cynthia Roberts*
                         **Cynthia Roberts**

REPLY BRIEF IN OPPOSITION TO JPMORGAN CHASE SUPPLEMENTAL MEMO ISO MOTION TO DISMISS
U.S. DISTRICT COURT CASE NO: C 09-1855 PVT- 5