1  Cynthia Roberts
   107 Silverwood Dr.
2  Scotts Valley, CA 95066
   cindyroberts88@gmail.com
3
4  Plaintiff in Pro per

**FILED**

FEB 2 8 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5
6  ## UNITED STATES DISTRICT COURT
   ## NORTHERN DISTRICT OF CALIFORNIA
7  ## SAN JOSE DIVISION

8  CYNTHIA ROBERTS, an individual,

9                    Plaintiff,

10       vs.

11

12 WASHINGTON MUTUAL BANK, FA, a
   Federal Savings Bank, JP MORGAN CHASE
13 BANK, N.A., A National Association,
   Does 1 - 10,
14
15                    Defendant

16

Case No.: **C 09-01855 LHK**
(Consolidate with Case No. C 09-01879 LHK)

**COMPLAINT FOR FRAUD; VIOLATION OF CALIFORNIA CIVIL CODE §2923.6; CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200; 12 USC 2605; NEGLIGENCE, INCLUDING NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; DEFAMATION; AN ACCOUNTING; QUIET TITLE**

17

**DEMAND FOR JURY TRIAL**

18

19

20                                       **DATE:  March 3, 2011**
21                                       **TIME:   1:30pm**
                                         **DEPT:  4**
22

23

24
25 Plaintiff Cynthia Roberts alleges as follows:

26
   ## JURISDICTION AND VENUE
27

28

1.      Plaintiff Cynthia Roberts resides, and has at all times mentioned in this complaint resided in the City of Scotts Valley, Santa Cruz County, California.

2.      Defendants Washington Mutual Bank and JP Morgan Chase Bank, an acquirer of certain assets and liabilities of Washington Mutual Bank from Federal Deposit Insurance Corporation Acting as Receiver, (JP Morgan Chase Bank) at all times alleged in this complaint, were and are corporations doing business in California.

3.      All incidents and injuries alleges in this complaint occurred in Santa Cruz County, California.

4.      Defendants, at all times mentioned herein were the representatives, agents, employees and co-conspirators of their Co-Defendants and in doing the things alleged were acting within the course and scope of the agency, employment and/or conspiracy and with the prior knowledge of, permission, consent, and/or ratification of their Co-Defendants.

5.      At all times alleged in this complaint Defendants Washington Mutual Bank, JP Morgan Chase Bank, and their representatives and/or agents and Does 1 through 10 were loan servicers of the loan on the real property of plaintiff in Santa Cruz County commonly designated as 107 Silverwood Dr., Scotts Valley, CA 95066. California Reconveyance, Quality Loan Services Corporation, provided foreclosure services to defendants Washington Mutual Bank, and JP Morgan Chase Bank.

6.      Paragraph 2.1 of the Purchase and Assumption Agreement (PAA) between JP Morgan Chase Bank and the FDIC states in part that "…, [Chase] specifically assumes all mortgage servicing rights and obligations of [Washington Mutual Bank].

7.      Defendants Washington Mutual Bank, JP Morgan Chase Bank and their

representatives and/or agents and Does 1 through 10 were aware that and/or cooperated or agreed to cooperate before and during the above alleged acts and conduct with their co-conspirators and others who planned to and did engage in the above alleged wrongful acts and conduct.

8.     Defendants Washington Mutual Bank., JP Morgan Chase Bank and their representatives and/or agents and Does 1 through 10 agreed with their co-conspirators and others that the above alleged wrongful acts and conduct be committed and intended that a wrongful acts and conduct be committed both during the planning of and the commission of the alleged wrongful acts and conduct.

9.     The true names and capacities whether individual, corporate, associate or otherwise of defendants 1 through 10 are currently unknown to plaintiff who will therefore sue those defendants by fictitious names. Plaintiff will amend her complaint to show the true names and capacities of Does1 through 10 when ascertained. Plaintiff is informed and believes, and on that basis, alleges, that each of the Does 1 through 10 are legal are responsible to plaintiff in some way for the events, omissions, happenings and allegations herein.

## FACTUAL ALLEGATIONS

10.     Plaintiff hereby realleges and incorporates by reference, as though fully set forth here, paragraphs 1 through 9 of this complaint.

11.     On or about August 4, 2003 plaintiff obtained a loan for $712,000 secured by plaintiff's principal residence, real property commonly known as 107 Silverwood Dr., City of Scotts Valley, County of Santa Cruz, California (the property). The loan number for the mortgage loan was Washington Mutual loan No. 0080447923.

12. The loan is a negative amortization one month option ARM. Payment adjusts yearly, interest rate adjusts monthly. Note has pick-a-pay options that are less than interest-only, interest-only, principle and interest for 30 years or principle and interest for 15 years. The margin is 2.15% plus the MTA.

13. Since the closing date, Washington Mutual Bank and JP Morgan Chase Bank and their representatives and/or agents have been servicers of the loan.

14. On or about February 26, 2008 Washington Mutual Bank, the beneficiary of the deed of trust securing the loan, declared a default of the loan, which was registered with the recorder of Santa Cruz County as instrument number 20080007740.

15. In November and December of 2008 and January of 2009 plaintiff engaged in loan modification negotiations with Washington Mutual Bank; and on January 13, 2009 was told by Washington Mutual Bank representatives and/or agents that she was approved for a loan modification, that the amount she was in arrears on payments would be added to the loan amount, and that her first loan payment would be due on April 1, 2009

16. On or about January 20, 2009 Quality Loan Service Corporation and California Reconveyance Company caused the property to be foreclosed on and sold at a foreclosure sale on behalf of beneficiary Washington Mutual Bank. JP Morgan Chase Bank was the successful bidder and purchased the property in the foreclosure sale.

17. Plaintiff received no notice that the January 20, 2009 foreclosure sale would occur. Plaintiff first learned that that the foreclosure sale had occurred about two weeks after the January 20, 2009 date it occurred.

18. At the time the January 20, 2009 foreclosure sale occurred plaintiff was in the

1   midst of ongoing loan modification discussions with Washington Mutual Bank. Plaintiff was

2   told by Washington Mutual Bank representatives on January 13, 2009 (seven days before the

3   foreclosure sale occurred) that she qualified for a loan modification.

4

5       19.    The loan modification agreement Washington Mutual Bank proposed included the

6   term that the past-due amounts on the loan would be added to the note and that plaintiffs' first

7   mortgage payment would be on April 1, 2009.

8       20.    On or about March 19, 2009 Washington Mutual informed it's trustees Quality

9

10   Loan Service Corporation and California Reconveyance Company to rescind the foreclosure

11   sale recorded on January 28, 2009, recordation number 2009-0003007, and to return the priority

12   and existence of all title and lien holders to the status quo anti-as it existed prior to the trustee

13   sale. Said notice of rescission was recorded on March 23, 2009.

14       21.    On or about February 10, 2009 JP.Morgan Chase Bank filed with Santa Cruz

15

16   Superior Court a complaint against plaintiff for unlawful detainer to evict her from the property.

17       22.    The unlawful detainer complaint was served on plaintiff by JP Morgan Chase

18   Bank on or about March 28, 2009 approximately 5 days after the notice of rescission of the

19   foreclosure was recorded with the County of Santa Cruz recorder.

20       23.    Though the foreclosure was rescinded on March 19, 2009 JP Morgan Chase Bank

21

22   continued its eviction proceedings against plaintiff, even though notified by plaintiff of the

23   rescission of the foreclosure, until on or about June 11, 2009, three months after the foreclosure

24   rescission. JP Morgan Chase bank did not cease its eviction proceedings against plaintiff until

25   long after the unlawful detainer complaint was removed from state to federal court on or about

26   June 11, 2009.

27

28

---

**FINANCIAL DAMAGES ALLEGATIONS**

24.     Plaintiff hereby realleges and incorporates by reference, as though fully set forth here, paragraphs 1 through 23 of this complaint.

25.     Plaintiff has suffered, and in addition to damages alleged in specific causes of action, the following financial damages.

26.     Plaintiff has been damaged in that the money held by Defendants Washington Mutual Bank and JP Morgan Chase Bank in a separate account has caused her to be required to pay late fees and penalties on the loan and the separate account was adequate to make payments thereby relieving plaintiff of liability to Defendants Washington Mutual Bank and JP Morgan Chase Bank for the above mentioned late fees, penalties, and additional interest.

27.     Plaintiff has been further damaged in that Defendants Washington Mutual Bank and JP Morgan Chase Bank have not informed her that it was holding money belonging to her in a separate account instead of crediting the money to pay the interest and reduce the principal on the loan on the Subject Property which is the subject of the contract.

28.     Plaintiff has been further damaged in that the above described conduct by Defendants Washington Mutual Bank and JC Morgan Chase Bank has caused her emotional distress in the form of fear, anxiety, and other emotional physical sequelae.

29.     Plaintiff has been further damaged in that she has been required to expend costs and attorney's fees in connection with this action and requests an award of costs and attorney's fees as the court may determine reasonable.

30. Plaintiff has been further damaged in that large amounts of money, in the thousands of dollars, that she paid to Defendants Washington Mutual Bank and JP Morgan Chase Bank did not credit to her account or applied to a separate account.

31. Plaintiff has been further damaged in that Defendants Washington Mutual Bank and JP Morgan Chase Bank assessed monthly interest rates in excess of the correct amount.

32. Plaintiff has been further damaged in that Defendants Washington Mutual Bank and JP Morgan Chase Bank have charged thousands of dollars in fees they have labeled as "restricted corporate advance adjustment" and have never notified plaintiff of the meaning of the advances and/or adjustments.

33. Plaintiff has been further damaged in that Defendants Washington Mutual Bank and JP Morgan Chase Bank have added fees and charges to her loan in an amount exceeding one hundred forty thousand dollars ($140,000).

34. Plaintiff has been further damaged in that her credit is damaged and she is not able to move to another home.

35. Plaintiff has been further damaged in that she is unemployed and when taking applications for employment must undergo background checks on which the foreclosure sale and and damaged credit score are discovered on her credit report resulting in her being disqualified or rejected from obtaining the job.

36. Plaintiff has been further damaged in that property taxes assessed on her home have increased by $3000 a year as a result of the foreclosure sale, even though the foreclosure had been rescinded.

COMPLAINT FOR FRAUD; VIOLATION OF CIVIL CODE §2923.6; CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200; 12 USC 2605; NEGLIGENCE INCLUDING NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
Page 7 of 26

37.     Plaintiff has been further damaged by the advertisements in that she is now looked on with disrepute and approbation in the gated community where her home is. Her children are teased by neighbors. Plaintiff used to work in real estate and her reputation has been so severely damaged that she has had to leave the real estate profession and go into different work.

## FIRST CAUSE OF ACTION FOR INTENTIONAL OR GROSSLY NEGLIGENT FRAUD
## (AGAINST WASHINGTON MUTUAL BANK)

38.     Plaintiff hereby realleges and incorporates by reference, as though fully set forth here, paragraphs 1 through 37 of this complaint.

39.     Paragraph 2.1 of the Purchase and Assumption Agreement (PAA) between JP Morgan Chase Bank and the FDIC states in part that "...[Chase] specifically assumes all mortgage servicing rights and obligations of [Washington Mutual Bank].

40.     Defendant Washington Mutual Bank representatives and/or agents made the false representation of the material fact to plaintiff, preceding and on or about January 13, 2009, that she qualified for a loan modification she had been negotiating with Washington Mutual Bank for some time prior to the foreclosure sale.

41.     Defendant Washington Mutual Bank representatives and/or agents knew, or in the exercise of reasonable diligence should have known, that the above described representation was false, that plaintiff did not qualify for a loan modification, and to conceal Washington Mutual Bank's true intention which was to proceed with the January 20, 2009 foreclosure sale without prior notification to plaintiff.

42.     Defendant Washington Mutual Bank representatives and/or agents made the above described false representation with the intent to induce plaintiff to rely on the representation so that she would not take any action to forestall or stop the foreclosure sale.

43.     The purpose of the misrepresentation was to conceal from plaintiff the fact that a foreclosure sale had been scheduled on her home which was scheduled to occur on January 20, 2009 and of which plaintiff had not been given notice or an opportunity to take any necessary legal action to forestall or stop the foreclosure.

44.     Plaintiff relied on the false representation made by Washington Mutual representatives and/or agents that she qualified for a loan modification, and the implied representation that her home was in no danger of being sold in a foreclosure sale.

45.     Plaintiffs reliance caused her damages, among others, in that she did not obtain a loan modification, her house was sold in foreclosure, she was fearful, anxious, frightened, depressed and generally emotionally distressed that her house had been sold by Washington Mutual Bank in foreclosure and that she would be required to vacate her home and relocate herself and her four minor children.

46.     Defendant Washington Mutual Bank's fraud was intentional or grossly negligent, deceitful and concealed material facts known, or with reasonable diligence should have been known, to it and its' representatives and/or agents with the intention of depriving plaintiff of property and legal rights and otherwise causing her injury and damage.

47.     Defendant Washington Mutual Bank had advance and subsequent knowledge of the actions and consciously disregarded, authorized and/or ratified the actions and omissions its representatives and/or agents. Plaintiff is therefore entitled, in addition to actual and general

1  damages, the recovery of damages for the sake of example and by way of punishing Defendant

2  Washington Mutual Bank.

3

4           **SECOND CAUSE OF ACTION FOR INTENTIONAL OR GROSSLY**
                              **NEGLIGENT FRAUD**
5                       **(AGAINST JP MORGAN CHASE BANK)**

6       48.      Plaintiff hereby realleges and incorporates by reference, as though fully set forth

7  here, paragraphs 1 through 47 of this complaint.

8

9       49.      Paragraph 2.1 of the Purchase and Assumption Agreement (PAA) between JP

10  Morgan Chase Bank and the FDIC states in part that "notwithstanding section 4.8, [Chase]

11  specifically assumes all mortgage servicing rights and obligations of [Washington Mutual Bank].

12
        50.      Defendant JP Morgan Chase Bank representatives and/or agents made the false
13
   representation to plaintiff on or about January 28, 2009 up on or about June 11, 2009 that
14
   plaintiff's home had been sold in foreclosure and further concealed from plaintiff that the
15
   foreclosure sale would be, and then had been, rescinded.
16

17      51.      Defendant JP Morgan Chase Bank representatives and/or agents knew, or in the
18
   exercise of reasonable diligence should have known, that the above described representation was
19
   false, that plaintiff's should not have been sold in foreclosure and that the foreclosure sale was
20
   rescinded.
21

22      52.      Defendant JP Morgan Chase Bank representatives and/or agents made the above
23
   described false representation with the intent to induce plaintiff to rely on the representation so
24
   that she would move out of her home and therefore be estopped from asserting legal rights which
25
   would be available to her if she were still living in her home.
26

27

28

53.     Defendant JP Morgan Chase Bank representatives and/or agents made the above described false representation with the intent to induce plaintiff to rely on the representation so that she would vacate her home and thus not be eligible for legal defenses and actions available to her if she and her four minor children were residents of their home.

54.     The purpose of the misrepresentation was to conceal from plaintiff the fact that the foreclosure sale should never have occurred, that the foreclosure had been rescinded, and that plaintiff and her four minor children were entitled to remain in occupancy of their home.

55.     Plaintiff relied on the representations made by JP Morgan Chase representatives and/or agents in that she retained counsel and proceeded with legal remedies available to defendants in a foreclosure action.

56.     Plaintiffs' reliance caused her damages, among others, in that she was fearful, anxious, frightened, depressed and generally emotionally distressed that she would be required to vacate her house and relocate herself and her four minor children.

57.     Defendant JP Morgan Chase Bank's fraud was intentional deceitful and concealed material facts known to it and its representatives and/or agents with the intention of depriving plaintiff of property and legal rights and otherwise causing plaintiff injury and damage.

58.     Defendant JP Morgan Chase Bank had advance and subsequent knowledge of the actions and conscious disregard, authorization, ratification on the parts of its representatives and/or agents. Plaintiff is therefore entitled, in addition to actual and general damages, the recovery of damages for the sake of example and by way of punishing Defendant Washington Mutual Bank.

**THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE §2923.6 ARISING OUT OF ACTS OR OMISSIONS IN CONNECTION WITH LOAN SERVICING ACTIVITIES.**
**(AGAINST WASHINGTON MUTUAL BANK; JP MORGAN CHASE BANK)**

59.     Plaintiff hereby realleges and incorporates by reference, as though fully set forth here, paragraphs 1 through 58 of this complaint.

60.     Paragraph 2.1 of the Purchase and Assumption Agreement (PAA) between JP Morgan Chase Bank and the FDIC states in part that "notwithstanding section 4.8, [Chase] specifically assumes all mortgage servicing rights and obligations of [Washington Mutual Bank].

61.     Pursuant to California Civil Code section 2923.6, a loan servicer "acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure unindent present value basis." Plaintiff submitted to both defendants a request for loan modification.

62.     A loan modification would have been in the best interest of all parties in this case because plaintiff was in default and the recovery under a loan modification or workout plan would exceed the anticipated recovery through foreclosure.

63.     As a result of the aforementioned violations by defendants, plaintiff has been damaged in an amount according to proof at trial, including but not limited to, attorney's fees and costs.

64.     Plaintiff also seeks, in addition to other remedies sought in this complaint, an order from the court modifying plaintiff's loan and/or directing that defendants Washington Mutual Bank and JP Morgan Chase Bank modify plaintiff's loan by one or more of the following

1  methods: reduction of principal, reduction of interest rate, alteration of the term of the loan,

2  and/or such other method as the court deems just and proper.

3

4  ### FOURTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA
   BUSINESS AND PROFESSIONS CODE 17200 ARISING OUT OF ACTS OR
5  OMISSIONS IN CONNECTION WITH LOAN SERVICING ACTIVITIES.
   (AGAINST WASHINGTON MUTUAL BANK; JP MORGAN CHASE BANK)
6

7      65.      Plaintiff hereby realleges and incorporates by reference, as though fully set forth

8  here, paragraphs 1 through 64 of this complaint.

9      66.      Paragraph 2.1 of the Purchase and Assumption Agreement (PAA) between JP

10
   Morgan Chase Bank and the FDIC states in part that "notwithstanding section 4.8, [Chase]
11
   specifically assumes all mortgage servicing rights and obligations of [Washington Mutual Bank].
12

13     67.      Defendants Washington Mutual Bank and JP Morgan Chase Bank engaged in

14 unfair competition including unlawful, unfair or fraudulent business act as defined in California

15 business & professional code §17200.
16
       68.      Plaintiff is a person who has suffered injury in fact and has lost money and/or
17
   property as a result of the unfair competition and therefore is entitled to maintain a private action
18

19 against Defendants Washington Mutual Bank and J.P. Morgan Chase, as is provided in Cal Bus

20 & Prof Code § 17204

21
       69.      The unlawful, unfair or fraudulent business acts in which Defendants Washington
22
   Mutual Bank and JP Morgan Chase engaged include, but are not to be understood to be limited
23
   to, the acts and legal wrongs alleged in paragraphs 1 through 69 of this complaint.
24

25     70.      Defendants were aware that and/or cooperated or agreed to cooperate before and

26 during the above alleged acts and conduct with their co-conspirators and others who planned to

27

28 COMPLAINT FOR FRAUD; VIOLATION OF CIVIL CODE §2923.6; CALIFORNIA BUSINESS AND PROFESSIONS
   CODE 17200; 12 USC 2605; NEGLIGENCE INCLUDING NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
   Page **13** of **26**

1  and did engage in the above alleged wrongful acts and conduct.

2      71.    Defendants agreed with their co-conspirators and others that the above alleged

3  wrongful acts and conduct be committed and intended that a wrongful acts and conduct be

4  committed both during the planning of and the commission of the alleged wrongful acts and

5  conduct.

6

7      **FIFTH CAUSE OF ACTION FOR NEGLIGENCE, INCLUDING NEGLIGENT**
**INFLICTION OF EMOTIONAL DISTRESS**
8      **(AGAINST WASHINGTON MUTUAL BANK)**

9      72.    Plaintiff hereby realleges and incorporates by reference, as though fully set forth

10 here, paragraphs 1 through 71 of this complaint.

11     73.    Paragraph 2.1 of the Purchase and Assumption Agreement (PAA) between JP

12 Morgan Chase Bank and the FDIC states in part that "...[Chase] specifically assumes all

13 mortgage servicing rights and obligations of [Washington Mutual Bank].

14     74.    Defendant Washington Mutual Bank representatives and/or agents made the false

15 representation of the material fact to plaintiff, preceding and on or about January 13, 2009, that

16 she qualified for a loan modification she had been negotiating with Washington Mutual Bank for

17 some time prior to the foreclosure sale.

18     75.    Defendant Washington Mutual Bank representatives and/or agents knew, or in

19 the exercise of reasonable diligence should have known, that the above described representation

20 was false, that plaintiff did not qualify for a loan modification, and to conceal Washington

21 Mutual Bank's true intention which was to proceed with the January 20, 2009 foreclosure sale

22 without prior notification to plaintiff.

23

24

25

26

27

28

1    76.    Defendant Washington Mutual Bank representatives and/or agents made the

2    above described false representation with the intent to induce plaintiff to rely on the

3    representation so that she would not take any action is to forestall or stop the foreclosure sale.

4

5    77.    The purpose of the misrepresentation was to conceal from plaintiff the fact that a

6    foreclosure sale had been scheduled on her home which was scheduled to occur on January 20,

7    2009 and of which plaintiff had not been given notice or an opportunity to take any necessary

8    legal action to forestall or stop.

9

10    78.    Plaintiff relied on the false representation made by Washington Mutual Bank

11    representatives and/or agents that she qualified for a loan modification, and the implied

12    representation that her home was in no danger of being sold in a foreclosure sale.

13    79.    Plaintiffs reliance caused her damages, among others, in that she did not obtain a

14    loan modification, her house was sold in foreclosure, she was fearful, anxious, frightened,

15    depressed and generally emotionally distressed that her house had been sold by Washington

16

17    Mutual Bank in foreclosure and that she would be required to vacate her home and relocate

18    herself and her four minor children.

19    80.    Defendant Washington Mutual Bank's fraud was intentional or grossly negligent,

20    deceitful and concealed material facts known, or with reasonable diligence should have been

21

22    known, to it and its representatives and/or/agents with the intention of depriving plaintiff of

23    property and legal rights and otherwise causing her injury and damage.

24    81.    Defendant Washington Mutual Bank had advance and subsequent knowledge of

25    the actions and consciously disregarded, authorized and/or ratified the actions and omissions its

26    representatives and/or agents. Plaintiff is therefore entitled, in addition to actual and general

27

28    COMPLAINT FOR FRAUD; VIOLATION OF CIVIL CODE §2923.6; CALIFORNIA BUSINESS AND PROFESSIONS
     CODE 17200; 12 USC 2605; NEGLIGENCE INCLUDING NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
     Page 15 of 26

damages, the recovery of damages for the sake of example and by way of punishing Defendant Washington Mutual Bank.

82.     Defendant Washington Mutual Bank's fraud was intentional deceitful and concealed material facts known to it and its representatives and/or agents with the intention of depriving plaintiff of property or legal rights or otherwise causing injury.

83.     Defendant Washington Mutual Bank had advance knowledge of the actions and conscious disregard, authorization, ratification on the parts of its representatives and/or agents. Plaintiff is therefore entitled, in addition to actual and general damages, the recovery of damages for the sake of example and by way of punishing Defendant Washington Mutual Bank.

## SIXTH CAUSE OF ACTION FOR NEGLIGENCE, INCLUDING NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST JP MORGAN CHASE BANK)

84.     Plaintiff hereby realleges and incorporates by reference, as though fully set forth here, paragraphs 1 through 83 of this complaint.

85.     Paragraph 2.1 of the Purchase and Assumption Agreement (PAA) between JP Morgan Chase Bank and the FDIC states in part that "notwithstanding section 4.8, [Chase] specifically assumes all mortgage servicing rights and obligations of [Washington Mutual Bank].

86.     Defendant JP Morgan Chase Bank representatives and/or agents made the false representation to plaintiff on or about January 28, 2009 up until or about June 11, 2009 that plaintiff's home had been sold in foreclosure and further concealed from plaintiff that the foreclosure sale would be, and then had been, rescinded.

87.     Defendant JP Morgan Chase Bank representatives and/or agents knew, or in the

exercise of reasonable diligence should have known, that the above described representation was false, that plaintiff's should not have been sold in foreclosure and that the foreclosure sale was rescinded.

88.     Defendant JP Morgan Chase Bank representatives and/or agents made the above described false representation with the intent to induce plaintiff to rely on the representation so that she would move out of her home and therefore be estopped from asserting legal rights which would be available to her if she were still living in her home.

89.     Defendant JP Morgan Chase Bank representatives and/or agents made the above described false representation with the intent to induce plaintiff to rely on the representation so that she would vacate her home and thus not be eligible for legal defenses and actions available to her if she and her four minor children were residents of their home.

90.     The purpose of the misrepresentation was to conceal from plaintiff the fact that the foreclosure sale should never have occurred, that the foreclosure had been rescinded, and that plaintiff and her four minor children were entitled to remain in occupancy of their home.

91.     Plaintiff relied on the representations made by JP Morgan Chase Bank representatives and/or agents in that she retained counsel and proceeded with legal remedies available to defendants in a foreclosure action.

92.     Plaintiffs' reliance caused her damages, among others, in that she was fearful, anxious, frightened, depressed and generally emotionally distressed that she would be required to vacate her house and relocate herself and her four minor children.

### SEVENTH CAUSE OF ACTION AGAINST ALL
### DEFENDANTS FOR VIOLATION OF 12 USC 2605

**(AGAINST JP MORGAN CHASE BANK, WASHINGTON MUTUAL BANK)**

93.     Plaintiff hereby realleges and incorporates by reference, as though fully set forth here, paragraphs 1 through 92 of this complaint.

94.     Defendants Washington Mutual Bank and JP Morgan Chase Bank as loan servicers are subject to the provisions of 12 USC 2605.

95.     Plaintiff has been damaged in that the money held by Defendants Washington Mutual Bank and JP Morgan Chase Bank in a separate account has caused her to be required to pay late fees and penalties on the loan and the separate account was adequate to make payments thereby relieving plaintiff of liability to Defendants Washington Mutual Bank and JC Morgan Chase for the above mentioned late fees and penalties.

96.     Plaintiff has been further damaged in that Defendants Washington Mutual Bank and JP Morgan Chase Bank have not informed her that it was holding money belonging to her in a separate account instead of crediting the money to pay the interest and reduce the principal on the loan on the Subject Property which is the subject of the contract.

97.     Plaintiff has been further damaged in any has been required to expend costs and attorney's fees in connection with this action and requests an award of costs and attorney's fees as the court may determine reasonable.

98.     Plaintiff has been further damaged in that large amounts of money, in the thousands of dollars, that she paid to Defendants Washington Mutual Bank and JP Morgan Chase Bank did not credit to her account or applied it to a separate account.

99.     Plaintiff has been further damaged in that Defendants Washington Mutual Bank and JP Morgan Chase Bank assessed monthly interest rates in excess of the correct amount.

1    100.    Plaintiff has been further damaged in that Defendants Washington Mutual Bank

2    and JP Morgan Chase Bank have charged thousands of dollars in fees they have labeled as

3
     "restricted corporate advance adjustment" and have never notified plaintiff of the meaning of the
4
5    advances and/or adjustments.

6          101.    Plaintiff has been further damaged in that Defendants Washington Mutual Bank

7    and JP Morgan Chase Bank have added fees and charges to her alone in an amount exceeding

8    one hundred and forty thousand dollars ($140,000).

9
     102.    Plaintiff has been further damaged in that her credit score is damaged and she is
10
11   not able to move to another home.

12         103.    Plaintiff has been further damaged in that she is unemployed and when taking

13   applications for employment must undergo background checks on which the foreclosure sale and

14   bad credit show up and disqualify her from the job she is applying for.
15
16         104.    Plaintiff has been further damaged in that property tax on her home would have

17   increased by $3000 a year as a result of the foreclosure sale, even though the foreclosure has

18   been rescinded.

19         105.    Plaintiff has been further damaged by the advertisements in that she is now

20
     looked on with disrepute and approbation in the gated community where her home is. Her
21
22   children are teased by neighbors. Plaintiff used to work in real estate and her reputation has been

23   so severely damaged that she has had to leave the real estate profession and go into different

24   work.

25

26                          **EIGHTH CAUSE OF ACTION**
                  **DEFAMATION PER SE (PRIVATE FIGURE REGARDING**
27

28   COMPLAINT FOR FRAUD; VIOLATION OF CIVIL CODE §2923.6; CALIFORNIA BUSINESS AND PROFESSIONS
     CODE 17200; 12 USC 2605; NEGLIGENCE INCLUDING NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
     Page **19** of **26**

**MATTER OF PRIVATE CONCERN)**
**(AGAINST JP MORGAN CHASE BANK, WASHINGTON MUTUAL BANK)**

106. Plaintiff hereby realleges and incorporates by reference, as though fully set forth here, paragraphs 1 through 105 of this complaint.

107. Plaintiff has been harmed by Defendants Washington Mutual Bank and JP Morgan Chase Bank on or from 2008 to 2010. Even after the rescission of the foreclosure, Defendant regularly published trustee sale notices on her home.

108. On or about June 3, 2009, and other dates, defendants JP Morgan Chase Bank through their agents, Quality Loan Service Corporation, published a Notice Of Trustee's Sale stating that Plaintiff was in default and her home is scheduled to be sold on June 22, 2009 for failing to fulfill her credit obligations.

109. Aside from Defendant's failure to follow Cal.Civ.Code 2924b(b)(2)[1], and 2924g(c)(2).[2]

110. The published Notice referred to Plaintiff by name, Cynthia Roberts, throughout the publication, was made of and concerning plaintiff, and was so understood by those who read the Santa Cruz County Reporter, and the Scotts Valley Banner.

111. The entire statement "Unless You Take Action To Protect Your Property, It May Be Sold At A Public Sale," scheduled for June 22, 2009 at 1:30pm, "A public auction sale to the highest bidder for cash...." and "The Nature of The Proceeding Against You, You Should Contact A Lawyer." is false as it pertains to plaintiff. The publication describes in black and

[1] 2924b(b)(2) At least 20 days before the date of sale, deposit or cause to be deposited in the United States mail an envelope, sent by registered or certified mail with
[2] 2924g(c)(2) foreclosure sales can be postponed for up to one year per CA Civil Code

white bold text plaintiff's name, address, property parcel number, and information regarding the recording date, and instrument number which are set forth as true.

112. The Defendant's JP Morgan Chase's publication of the Notice is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule and obloquy because is tells the small town community in which the plaintiff and her children reside in, that the Defendant's JP Morgan Chase Bank are going to take away plaintiff's home and sell it because she has failed to fulfill the terms of her credit obligations.

113. The publication of Notice of Trustee's Sale, was seen and read on or about June 5, 2009 by persons known to plaintiff and named Larry Samonek, Brian Parker, Ken Holt and his wife Donna, Erik Graves, Miranda Leung, Heather Connaughton.

114. As a proximate result of the above-described publication, plaintiff has suffered loss of her reputation, shame, mortification, and injury to her feelings, all to her damage in an amount allowed by law

115. The advertisements were made known to persons other than plaintiff because the advertisements caused potential foreclosure purchasers to regularly drive by her home and slow down or stop to stare at it which brought to her neighbors' attention the issues of her foreclosure.

116. The statements were reasonably understood by plaintiff's neighbors to me that she could not pay her mortgage and was being foreclosed.

117. Defendants Washington Mutual Bank and JP Morgan Chase Bank failed to use reasonable care to determine the truth or falsity of the statements and further made the statements with the intent to cause injury or with knowing and willful disregard of the probable consequences to plaintiff and failed avoid those consequences

118. Plaintiff was under strong pressure, due to Defendants Washington Mutual Bank and JP Morgan Chase Bank advertisements to communicate information about the advertisements to other persons. Defendants Washington Mutual Bank and JP Morgan Chase Bank knew or should have known when they made the advertisements that plaintiff would be under strong pressure to communicate them to other persons.

119. Plaintiff has been damaged in that the above described conduct by Defendants Washington Mutual Bank and JP Morgan Chase Bank has caused her emotional distress in the form of fear, anxiety, and other emotional physical sequelae.

120. Plaintiff has been further damaged by the advertisements in that she is now looked on with disrepute and approbation in the gated community where her home is. Her children are teased by neighbors. Plaintiff used to work in real estate and our reputation has been so severely damaged that she has had to leave the real estate profession and go into different work.

121. The above-described publication was not privileged because it was published by defendants JP Morgan Chase Bank, with malice, hatred and ill will toward plaintiff and the desire to injure her in that defendants JP Morgan Chase Bank had expressed a desire to "get" plaintiff so defendants can continue to execute their secret plan to take her home. Because of defendants' malice in publishing, plaintiff seeks punitive damages in an amount allowed by law.

122. Plaintiff has been further damaged in any has been required to expend costs and attorney's fees in connection with this action and requests an award of costs and attorney's fees as the court may determine reasonable

1

## NINTH CAUSE OF ACTION
## DEMANDING AN ACCOUNTING

2

3

123. Plaintiff alleges and incorporates by reference, as though fully set forth herein,

4

paragraphs 1 through 122 of this complaint.

5

124. Plaintiff and JP Morgan Chase Bank, at all times here alleged, were in a

6

fiduciary relationship and said relationship demanded a higher than ordinary degree of care and

7

responsibility from J.P. Morgan Chase Bank has the dominant party in the fiduciary relationship.

8

125. The accounts between plaintiff and Defendant's Washington Mutual Bank, and

9

J.P. Morgan Chase Bank were and are so complicated that ordinary legal action demanding a

10

11

fixed sum is impracticable.

12

126. The balance due from J.P. Morgan Chase Bank to plaintiff can only be

13

ascertained by an accounting

14

15

127. Plaintiff demands that J.P. Morgan Chase Bank provide an accounting stating all

16

information concerning all money held in "suspense" instead of credited to the loan on the

17

Subject Property. Said accounting shall provide the dates and amounts of all money placed in

18

suspense, the dates and amounts of all subsequent removal of any money from suspense, and the

19

dates and amounts and allocation of all money removed from suspense.

20

21

128. Plaintiff demands that J.P. Morgan Chase Bank provide an accounting stating all

22

information concerning all money credited to the loan on the Subject Property. Said accounting

23

shall provide dates and amounts of all money credited to the loan and the Subject Property, and

24

the source of all money credited to the loan on the Subject Property, whether from suspense or

25

elsewhere.

26

27

28

129.    Plaintiff demands that JP Morgan Chase Bank provide an accounting stating all penalties and other fees assessed against the loan on the Subject Property.

130.    Plaintiff has demanded an accounting of the aforementioned loan for transactions between August 2003 up until June 30, 2008 from defendants Washington Mutual Bank and JP Morgan Chase Bank and payment of the amount found due but defendant has failed and refused, and continues to fail and refuse, to render such an accounting and to pay such sum.

## TENTH CAUSE OF ACTION
## QUIET TITLE TO REAL PROPERTY

131.    Plaintiff alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 130 of this complaint.

132.    Plaintiff is and at all times herein mentioned the owner and/or entitled to possession of the property located at 107 Silverwood Dr., Scotts Valley, CA.

133.    Plaintiff is informed and believes and thereupon alleges that Defendants JP Morgan Chase Bank and each of them, claim an interest in the property adverse to plaintiff herein. However, the claim of said Defendant JP Morgan Chase Bank is without any right whatsoever, and said Defendants have not legal or equitable right, claim, or interest in said property.

134.    Plaintiff therefore seeks a declaration that the title to the subject property is vested in plaintiff alone and that the defendants JC Morgan Chase Bank herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendants JP Morgan Chase Bank, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein.

**WHEREFORE, plaintiff demands judgment against defendants, and each of them, for:**

FOR THE FIRST, SECOND, THIRD, FOURTH, EIGHTH, and NINTH CAUSES OF ACTION:

135. Compensatory damages according to proof;

136. Personal injury damages including but not limited to mental anguish and/or emotional distress.

137. For special damages.

138. For Punitive damages;

139. For Interest on said sum.

140. For a full accounting to be made of all moneys paid and owed.

141. For an order compelling said Defendant JP Morgan Chase Bank, and each of them, to transfer legal title and possession of the subject property to Plaintiff herein;

FOR NINTH CAUSE OF ACTION

142. For a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendant JP Morgan Chase Bank, herein, and each of them, be declared to have no estate, right, title or interest in said property;

143. For a judgment forever enjoining said defendants, and each of them, from claiming any estate, right, title or interest in the subject property;

FOR THIRD CAUSE OF ACTION

144. Or a judicial determination under plaintiff's Third Cause of Action that JP Morgan Chase Bank is obligated in equity to proceed with the loan modification which was interrupted

by the foreclosure sale;

145. A judicial determination that JP Morgan Chase Bank is obligated in equity to dismiss its unlawful detainer action against plaintiff.

ON ALL CAUSES OF ACTION:

147. An award of attorney's fees to plaintiff according to statute;

148. Costs of suit; and

149. Such other relief as this court may deem fair, equitable and just.

Date: February 28, 2011

Cynthia Roberts, plaintiff in Pro per

1

# VERIFICATION OF QUIET TITLE CAUSE OF ACTION

2

3      I, Cynthia Roberts, am a plaintiff in the above-entitled action. I have read the foregoing

4  Count for Quiet Title and know the contents thereof. The same is true of my own knowledge,

5  except as to those matters, which are therein alleged on information and belief, and as to those

6  matters, I believe them to be true.

7      I declare under penalty of perjury that the foregoing is true and correct and that this

8  declaration was executed at Scotts Valley, California on this day, Feb 28, 2011.

9

10

11

12

13                                             *Cynthia Roberts*

14

15                                             CYNTHIA ROBERTS

16

17

18

19

20

21

22

23

24

25

26

27

28