UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CYNTHIA ROBERTS, | ) | Case No.: 09-CV-01855-LHK |
| | ) | (Consolidated with Case No. 09-CV-01879) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION TO |
| v. | ) | DISMISS WITH LEAVE TO AMEND IN |
| | ) | PART; STRIKING FIRST AMENDED |
| JP MORGAN CHASE BANK, N.A., ET AL., | ) | COMPLAINT; GRANTING MOTION |
| | ) | FOR FREE PACER ACCESS AND TO |
| Defendants. | ) | PROCEED IN FORMA PAUPERIS |
| | ) | |
| | ) | |
| AND RELATED CROSS-ACTION | ) | |
| | ) | |

Defendant JP Morgan Chase Bank, N.A., moves to dismiss Plaintiff Cynthia Roberts's Complaint. Pursuant to Civil Local Rule 7-1(b), the Court deems Defendant's motion suitable for decision without oral argument. Having considered the submissions of the parties and the relevant law, the Court GRANTS Defendant's motion to dismiss with leave to amend in part. Plaintiff's amended complaint filed on February 28, 2011, is stricken as improperly filed under Federal Rule of Civil Procedure 15. The Court also grants Plaintiff's motion to proceed *in forma pauperis* and her motion for a waiver of PACER fees. If Plaintiff wishes to pursue her claims against Defendant JP Morgan, she must file a Second Amended Complaint within 21 days of this order.

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA PAUPERIS

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. Background

This case arises out of a mortgage transaction between Plaintiff and Washington Mutual Bank, FA, that took place over seven years ago.  On August 4, 2003, Plaintiff obtained a loan for $712,000, secured by a deed of trust concerning property located at 107 Silverwood Drive, Scotts Valley, California (the "subject property").  Compl. ¶ 16.  The subject property was Plaintiff's principal residence.  *Id.*  After the initial loan transaction, Washington Mutual continued to act as the loan servicer, Compl. ¶ 10, apparently until Washington Mutual was closed and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver.  *See* Req. for Judicial Notice in Supp. of JP Morgan's Mot. to Dismiss ("RJN") Ex. 13, ECF No. 12.[1]  Thereafter, on September 25, 2008, Defendant JP Morgan purchased the assets of Washington Mutual and assumed its mortgage servicing rights and obligations.  RJN Ex. 13, ¶ 2.1.

At some point while Washington Mutual was acting as servicer, Plaintiff apparently defaulted on the loan.  On February 26, 2008, Washington Mutual issued a Notice of Default.  Compl. ¶ 64.  Plaintiff was subsequently issued two Notices of Trustee's Sale, and the property was sold to JP Morgan in a trustee's sale on January 28, 2009.  RJN Ex. 7-9.  However, the trustee's sale was rescinded on March 23, 2009, and a third Notice of Trustee's Sale was recorded on June 3, 2009.  RJN Ex. 10, 12.

On April 29, 2009, Plaintiff filed two actions in federal court.  In Case No. 09-CV-01855, Plaintiff purported to remove a case entitled JP Morgan Chase Bank, N.A. v. Cynthia Roberts, et al., Case No. CV 162767, from the Santa Cruz County Superior Court.  However, it does not

---

[1] Defendant submitted a request for judicial notice of twelve deeds and notices related to Plaintiff's mortgage and recorded with the Santa Cruz County Recorder.  Defendant also requests judicial notice of the Purchase and Assumption Agreement between the FDIC and JP Morgan.  Plaintiff has not opposed Defendant's request.  In ruling on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Each of the documents submitted by Defendant is a matter of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Accordingly, the Court GRANTS Defendant's request for judicial notice.

2

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA PAUPERIS

1    appear that any case was actually removed from state court.[2]  In Case No. 09-CV-01879, Plaintiff

2    filed a separate Complaint against Defendants Washington Mutual Bank, FA and JP Morgan Chase

3    Bank, N.A.  On June 11, 2009, Magistrate Judge Patricia V. Trumbull consolidated the two cases,

4    and Defendant JP Morgan moved to dismiss the actions on September 21, 2009.  On November 24,

5    2009, however, Judge Trumbull learned that Plaintiff's counsel had resigned from the California

6    State Bar and stayed the case to allow Plaintiff to seek another attorney or to proceed *pro se*.  In

7    September 2010, after granting several extensions of the stay, Judge Trumbull issued an interim

8    order which (1) solicited further briefing regarding Defendant's motion to dismiss; (2) declined to

9    further stay the case; and (3) referred Plaintiff to the Federal Pro Bono Project in an attempt to

10   secure pro bono representation.  On November 10, 2010, the Federal Pro Bono Project indicated

11   that it was unable to secure representation for Plaintiff.   Finally, on January 5, 2011, the case was

12   reassigned to the undersigned judge, and Defendant's motion to dismiss was renoticed for hearing

13   on March 3, 2011.  The Court found the motion appropriate for resolution without oral argument

14   and will now proceed to address Defendant's arguments.  The Court will also address Plaintiff's

15   recently filed First Amended Complaint, her motion for pro bono PACER access, and her

16   application to proceed *in forma pauperis*.

17        **II.  Motion to Dismiss**

18             **A.  Legal Standard**

19        A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

20   sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering

21   whether the complaint is sufficient to state a claim, the court must accept as true all of the factual

22   allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However,

23   the court need not accept as true "allegations that contradict matters properly subject to judicial

---

[2] The state court case was likely an unlawful detainer action brought against Plaintiff after JP
Morgan bought the subject property in the trustee's sale.  Such actions generally are not removable
to federal court, and presumably any such action was terminated sometime after the trustee's sale
was rescinded.  As the two federal cases have been consolidated with Case No. 09-CV-01855 as
the lead case, the Court treats the two cases as a single action based on Plaintiff's federal
Complaint against JP Morgan and Washington Mutual.

3

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST
AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA
PAUPERIS

**United States District Court**
For the Northern District of California

1   notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

2   unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d

3   1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must

4   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

5   face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

6   (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference

7   that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  If a court grants

8   a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be

9   cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  If

10   amendment would be futile, however, a dismissal may be ordered with prejudice. *Dumas v. Kipp*,

11   90 F.3d 386, 393 (9th Cir. 1996).

12       **B.  Discussion**

13       Plaintiff's Complaint asserts thirteen causes of action under various state and federal laws

14   against Washington Mutual and JP Morgan.[3]  As discussed below, the Court agrees with Defendant

15   JP Morgan that all of Plaintiff's claims must be dismissed.  The Court will address each claim in

16   turn.

17       **1.   Origination-Based Claims (first, second, third, fourth, and eleventh**

18       **causes of action)**

19       A number of Plaintiff's claims are based on allegations that the Defendants made

20   misrepresentations, failed to disclose material information, or otherwise engaged in unlawful

21   conduct during the origination of Plaintiff's loan in April 2003.  Even assuming that these claims

22   are not time-barred, the Court agrees that JP Morgan cannot be held liable for any of these claims.

23   As indicated above, Washington Mutual originated Plaintiff's loan.  Compl. ¶ 8; RJN Ex. 4.  JP

24   Morgan appears to have had no involvement with Plaintiffs' loan until it acquired the assets of

25

26   _____

27   [3] As noted above, in September 2008, the Office of Thrift Supervision closed Washington Mutual
    and appointed the FDIC as receiver.  Accordingly, Washington Mutual has not appeared in this
    action.

28

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST
AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA
PAUPERIS

**United States District Court**
For the Northern District of California

Washington Mutual in September 2008, over five years after Plaintiff entered into the mortgage and security agreement with Washington Mutual.

As the Court noted in its prior interim order, this and other courts have taken judicial notice of the Purchase and Assumption Agreement (the "P & A Agreement") pursuant to which the Federal Deposit Insurance Corporation ("FDIC") sold certain assets and liabilities of Washington Mutual to JP Morgan.  These courts have consistently found that JP Morgan did not assume any liability arising out of Washington Mutual's origination of home loans.  *See, e.g.*, *Tang v. Cal. Reconveyance Co.*, No. 10-CV-03333-LHK, 2010 WL 5387837, at *3 (N.D. Cal. Dec. 22, 2010); *Federici v. Monroy*, No. C 09-4025 PVT, 2010 WL 1223192, at *3 (N.D. Cal. Mar. 25, 2010); *Hilton v. Wash. Mut. Bank*, No. C 09-1191 SI, 2009 WL 3485953, at *2-3 & n.5 (N.D. Cal. Oct. 28, 2009); *Molina v. Wash. Mut. Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *4 (S.D. Cal. Jan. 29, 2010).  Accordingly, JP Morgan cannot be held liable for any of Plaintiff's claims that arise out of Washington Mutual's actions or practices in the origination of the loan.

The Court finds that the following causes of actions are premised on allegations regarding Washington Mutual's conduct in originating Plaintiff's loan: claim (1) for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; claim (2) for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; claim (3) for violations of California Financial Code § 4790; claim (4) for fraud; and claim (11) for violations of California Business and Professional Code §§ 17200 and 17500.  Each of these claims alleges violations based on unlawful loan terms and settlement fees, failure to disclose required information, and fraudulent representations made to induce Plaintiff to enter into the loan.  Because JP Morgan cannot be held liable for Washington Mutual's conduct in originating Plaintiff's loan, these claims must be DISMISSED.  In addition, because TILA and California Financial Code § 4970 are statutes that impose requirements related to loan origination, the Court finds that Plaintiff cannot amend her Complaint to state a claim against JP Morgan under these statutes.  Accordingly, Plaintiff's first and third causes of action under TILA and California Financial Code § 4790 are dismissed with prejudice.  As it may be possible for Plaintiff to amend the other claims to allege violations based

5

United States District Court
For the Northern District of California

1    on JP Morgan's conduct, the Court grants leave to amend the second, fourth, and eleventh causes

2    of action for fraud and violations of RESPA and the California Business and Professions Code.

3                    **2.          Breach of Contract (fifth cause of action)**

4              Plaintiff's fifth cause of action alleges that Defendants breached the loan agreement by

5    failing to refinance the loan, failing to provide the required notices under TILA and RESPA, and

6    discriminating against Plaintiff on the basis of her race, religion, and national origin.  Compl. ¶ 48.

7    To state a claim for breach of contract under California law, Plaintiff must plead facts establishing

8    the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for

9    nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."

10   *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239, 70 Cal. Rptr. 3d 667 (2008).  Here,

11   even if JP Morgan assumed Plaintiff's loan agreement with Washington Mutual and some

12   contractual relationship exists, Plaintiff has not stated a breach of contract claim.  First, Plaintiff

13   has not alleged any facts suggesting that she entered into a contract that required JP Morgan to

14   refinance her loan.  Indeed, the security agreement explicitly states that it "cannot be changed or

15   modified except . . . by agreement in writing signed by Borrower . . . and Lender," RJN Ex. 4 ¶ 12.

16   Plaintiff has identified no such written agreement.  Second, to the extent that a TILA or RESPA

17   violation could constitute a breach of contract, Plaintiff has not specified how JP Morgan violated

18   these statutes.[4]  Third, Plaintiff has pled no facts indicating her race, religion, or national origin or

19   suggesting that she was discriminated against on that basis.  Finally, although Plaintiff alleges that

20   she performed all conditions of the contract, Compl. ¶ 49, elsewhere in the Complaint she

21   acknowledges that she defaulted on the loan.  Compl. ¶ 58.  It thus appears that Plaintiff did not

22   perform all conditions of the contract, and she therefore must plead an excuse for non-performance

23   in order to maintain a breach of contract claim.  Plaintiff has not done so.  For all of these reasons,

24   Plaintiff fails to state a claim for breach of contract.  Accordingly, Plaintiff's fifth cause of action is

25   DISMISSED with leave to amend.

26   _____

27   [4] As discussed above, Plaintiff cannot hold JP Morgan liable for any violations of TILA or RESPA
     committed by Washington Mutual during the origination of Plaintiff's loan.

28
     Case No.: 09-CV-01855-LHK
     ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST
     AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA
     PAUPERIS

1

2

United States District Court
For the Northern District of California

         **3.**    **Breach of the Covenant of Good Faith and Fair Dealing (sixth cause**

               **of action)**

3         Plaintiff's sixth cause of action alleges that Defendants breached the implied covenant of

4 good faith and fair dealing.  California law recognizes that "every contract contains an implied

5 covenant of good faith and fair dealing that neither party will do anything which will injure the

6 right of the other to receive the benefits of the agreement."  *Wolf v. Walt Disney Pictures and*

7 *Television*, 162 Cal. App. 4th 1107, 1120, 76 Cal. Rptr. 3d 585 (Cal. Ct. App. 2008).  The scope of

8 the implied covenant is "circumscribed by the purposes and express terms of the contract," *Carma*

9 *Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 826 P.2d 710

10 (1992), and it "cannot impose substantive duties or limits on the contracting parties beyond those

11 incorporated in the specific terms of their agreement."  *Agosta v. Astor*, 120 Cal. App. 4th 596,

12 607, 15 Cal. Rptr. 3d 565 (Cal. Ct. App. 2004).  Here, in support of the implied covenant claim,

13 Plaintiff states only that "any attempt to foreclose upon the property lawfully belonging to Plaintiff

14 without production of documents demonstrating the lawful rights for said foreclosure would

15 constitute a breach of the said covenant of good faith and fair dealing."  Compl. ¶ 53.  Plaintiff

16 does not allege what documents, if any, JP Morgan has failed to produce, nor has she attempted to

17 connect this claim to the express provisions of any contract.  Plaintiff's allegations are therefore not

18 sufficient to support a claim for breach of the implied covenant, and the Court DISMISSES this

19 claim with leave to amend.

20          **4.**    **Violation of California Civil Code § 2923.6 (seventh cause of action)**

21         Plaintiff's seventh cause of action alleges that Defendants violated California Civil Code

22 § 2923.6 by denying Plaintiff's request for a loan modification.  Compl. ¶ 57.  California Civil

23 Code § 2923.6 provides:

24         (a) The Legislature finds and declares that any duty servicers may have to
maximize net present value under their pooling and servicing agreements is owed

25         to all parties in a loan pool, or to all investors under a pooling and servicing
agreement, not to any particular party in the loan pool or investor under a polling

26         and servicing agreement, and that a servicer acts in the best interests of all parties
to the loan pool or investors in the pooling and servicing agreement if it agrees to

27

28

                                          7

1

or implements a loan modification or workout plan for which both of the
following apply:

2

(1) The loan is in payment default, or payment default is reasonably
foreseeable.

3

(2) Anticipated recovery under the loan modification or workout plan exceeds
the anticipated recovery through foreclosure on a net present value basis.

4

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized
agent offer the borrower a loan modification or workout plan if such a
modification or plan is consistent with its contractual or other authority.

5

6

Numerous district courts have concluded that Section 2923.6 does not require loan servicers to

7

modify loans and does not create a private right of action for borrowers. *See, e.g.*, *Jacobs v. Bank*

8

*of America, N.A.*, No. C10-04596 HRL, 2011 WL 250423, at *3 (N.D. Cal. Jan. 25, 2011)

9

("nothing in section 2923.6 requires defendants to modify loans or creates a private right of action

10

for borrowers"); *Washington v. Nat'l City Mortgage Co.*, No. C 10-5042 SBA, 2010 WL 5211506,

11

at *5 (N.D. Cal. Dec. 16, 2010) ("§ 2923.6 does not create a cause of action for borrowers");

12

*Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009) ("The

13

Court finds that § 2923.6 does not create a cause of action for Plaintiff"); *see also Mabry v.*

14

*Superior Court*, 185 Cal. App. 4th 208, 222, 110 Cal. Rptr. 3d 201 (Cal. Ct. App. 2010) ("[S]ection

15

2923.6 . . . does *not* operate substantively. Section 2923.6 merely expresses the hope that lenders

16

will offer loan modifications on certain terms.") (emphasis in original). This Court agrees that the

17

language of Section 2923.6 imposes no duty on lenders, enforceable by borrowers, to offer or

18

execute a loan modification, but merely expresses the hope that lenders will do so when a

19

modification may be beneficial to all parties. Accordingly, Plaintiff cannot maintain a cause of

20

action against JP Morgan under Section 2923.6. Because this defect cannot be cured by the

21

allegation of additional facts, Plaintiff's seventh cause of action is DISMISSED with prejudice.

22

### 5.  Violation of California Civil Code § 2923.5 (eighth cause of action)

23

Plaintiff's eighth cause of action alleges that Defendants violated California Civil Code

24

§ 2923.5 by failing to make certain required notifications and provide certain declarations in the

25

Notice of Default. Compl. ¶ 65. This claim is based upon the Notice of Default issued to Plaintiff

26

by Washington Mutual on February 26, 2008. Compl. ¶ 64. In its prior Interim Order, the Court

27

28

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST
AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA
PAUPERIS

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   requested supplemental briefing on the issue of whether JP Morgan assumed liability related to the

2   alleged failure of Washington Mutual to comply with Section 2923.5.  The Court noted that while

3   it is clear that JP Morgan did not assume liability for Washington Mutual's loan origination

4   activities, the alleged Section 2923.5 violation arises out of Washington Mutual's loan *servicing*

5   activities.  *See* P & A Agreement, RJN Ex. 13 ¶ 2.1 ("the Assuming Bank specifically assumes all

6   mortgage servicing rights and obligations of the Failed Bank").

7          In response, JP Morgan argued that the Court need not determine whether it assumed

8   liability for Washington Mutual's loan serving activities because Section 2923.5 was not in effect

9   when Washington Mutual issued the February 26, 2008 Notice of Default.  JP Morgan appears to

10  be correct on this point.  Section 2923.5 became effective on July 8, 2008 and became operative on

11  September 6, 2008.  S.B. 1137, 2008 Cal. Legis. Serv. Ch. 69 (2008).  The Notice of Default relied

12  on in Plaintiff's Complaint was issued on February 26, 2008, over four months before the effective

13  date of the statute.  Accordingly, there can be no liability for any violations in the February 28,

14  2008 Notice of Default, and Plaintiff's eighth cause of action must be DISMISSED.

15         However, it appears that since the effective date of Section 2923.5, Plaintiff has been issued

16  various Notices of Trustee's Sale.  It is possible that Plaintiff could amend her Complaint to allege

17  violations of 2923.5 based on a later notice.  *See* Cal. Civ. Code § 2923.5(c) (requiring certain

18  declarations in Notices of Trustee's Sale where Notice of Default predates Section 2923.5).

19  Accordingly, the Court will grant leave to amend this claim.  As previously indicated, the Court

20  agrees with Plaintiff that Section 2923.5 creates a private right action.  *See, e.g.*, *Mabry*, 185 Cal.

21  App. 4th at 217-225; *Kariguddaiah v. Wells Fargo Bank, N.A.*, No. C 09-5716 MHP, 2010 WL

22  2650492, at *6 (N.D. Cal. July 1, 2010).  However, the remedy for a Section 2923.5 violation is

23  limited to postponement of the foreclosure sale to allow compliance.  *See Mabry*, 185 Cal. App. 4th

24  at 223 ("If section 2923.5 is not complied with, then there is no valid notice of default, and without

25  a valid notice of default, a foreclosure sale cannot proceed. The available, existing remedy is . . . to

26  postpone the sale until there has been compliance with section 2923.5.").  Section 2923.5 does not

27  create a right to a loan modification, *id.* at 231, nor does it have any effect on a completed

28

9

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST
AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA
PAUPERIS

**United States District Court**
For the Northern District of California

1  foreclosure sale. *Id.* at 235. Rather, "the *only* remedy provided is a postponement of the sale

2  before it happens." *Id.* With this in mind, the Court DISMISSES Plaintiff's claim under Section

3  2923.5 with leave to amend.

4        **6.**   **Violation of Federal and State Fair Debt Collection Practices Acts**

5              **(ninth and tenth causes of action)**

6        Plaintiff's ninth and tenth causes of action allege violations of the federal Fair Debt

7  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt

8  Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.* These statutes proscribe

9  certain conduct in connection with the collection of a debt. *See* 15 U.S.C. §§ 1692e, 1692f, 1692g;

10  Cal. Civ. Code § 1788.10. Plaintiff's claims under these statutes are insufficient for at least two

11  reasons. First, Plaintiff has not sufficiently alleged any actions by JP Morgan that constitute "debt

12  collection" under the FDCPA or the Rosenthal Act. As to the FDCPA, although the Ninth Circuit

13  has not yet addressed the issue, courts within this Circuit have concluded that a non-judicial

14  foreclosure does not constitute "debt collection" as defined by the statute. *See, e.g., Tang v.

15  California Reconveyance Co.*, No. 10-CV-03333-LHK, 2010 WL 5387837, at *4 (N.D. Cal. Dec.

16  22, 2010) ("to the extent their FDCPA claims are based on the initiation of a foreclosure

17  proceeding, Plaintiffs fail to state a claim"); *Deissner v. Mortgage Elec. Regis. Sys.*, 618 F. Supp.

18  2d 1184, 1189 (D. Ariz. 2009) ("the activity of foreclosing on [a] property pursuant to a deed of

19  trust is not collection of a debt within the meaning of the FDCPA") (internal quotations omitted),

20  *aff'd*, 384 F. App'x 609 (9th Cir. June 17, 2010); *Landayan v. Wash. Mutual Bank*, No. C 09-0916

21  RMW, 2009 WL 3047238, at * 3 (N.D. Cal. Sept. 18, 2009) ("A claim cannot arise under FDCPA

22  based upon the lender enforcing its security interest under the subject deed of a trust because

23  foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the

24  FDCPA"). Courts have likewise concluded that the Rosenthal Act does not cover the ordinary

25  process of foreclosing on a mortgage. *See, e.g., Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667

26  JCS, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011) (concluding that Rosenthal Act does not

27  apply to foreclosure proceedings unless the claim arises from activities "beyond the scope of the

                                             10

28

United States District Court
For the Northern District of California

1  ordinary foreclosure process"); *Powell v. Residential Mortg. Capital*, No. C 09-04928 JF (PVT),

2  2010 WL 2133011, at *5-6 (N.D. Cal. May 24, 2010) (concluding that foreclosure pursuant to a

3  deed of trust does not constitute debt collection for purposes of the Rosenthal Act).  Thus, unless

4  Plaintiff can show that JP Morgan's debt-collection activities exceeded the scope of the ordinary

5  foreclosure process, Plaintiff cannot state a claim under the FDCPA or the Rosenthal Act.

6      Moreover, even if the FDCPA and Rosenthal Act applied to Plaintiff's claims, Plaintiff has

7  not alleged sufficient facts to meet the basic pleading requirements of Rule 8(a).  Both of these

8  claims make only the general allegation that "Defendants violated the Act in one or more of the

9  following ways" and then list seven ways in which the Acts may be violated.  Compl. ¶¶ 70, 75.

10  Plaintiff does not indicate which of the violations she believes JP Morgan committed, nor does she

11  set forth any factual basis for her claims.  Without identifying the actions that form the basis for

12  these claims, Plaintiff does not give JP Morgan fair notice of the claims against it and cannot state

13  a plausible claim for relief.  For these reasons, Plaintiff's ninth and tenth causes of action for

14  violations of the FDCPA and the Rosenthal Act are DISMISSED with leave to amend.

15                    **7.      Quiet Title**

16      In her twelfth cause of action to quiet title, Plaintiff seeks a declaration that the title to the

17  subject property is vested in Plaintiff alone.  Compl. ¶ 89.  Under California law, a borrower may

18  not quiet title without first paying the outstanding debt on the property.  *See Miller v. Provost*, 26

19  Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt,

20  quiet his title against the mortgagee"); *Kelley v. Mortgage Electronic Registration Systems, Inc.*,

21  642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) (dismissing quiet title claim because plaintiffs did not

22  allege that they had satisfied their obligations under the Deed of Trust).  Here, Plaintiff has not

23  alleged that she has satisfied her obligations under the Deed of Trust and is the rightful owner of

24  the property.  Rather, Plaintiff concedes that her mortgage is currently in default.  Compl. ¶ 58.

25  Accordingly, Plaintiff cannot state a claim to quiet title, and Plaintiff's twelfth cause of action is

26  DISMISSED with leave to amend.

27

28

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST
AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA
PAUPERIS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 8.     Declaratory Relief

Finally, Plaintiff's thirteenth cause of action seeks a declaration as to the duties and obligations of the parties with regard to the mortgage loan transaction and foreclosure proceedings. Compl. ¶ 91.  Aside from the claims raised in Plaintiff's twelve other causes of action, which the Court has dismissed, Plaintiff has not identified a specific, actual controversy warranting declaratory relief.  *See* Cal. Code. Civ. Pro. § 1060 (requiring actual controversy for declaratory relief); 28 U.S.C. § 2201 (same).  Accordingly, Plaintiff's action for declaratory relief is DISMISSED with leave to amend.

### III. Plaintiff's First Amended Complaint

On February 28, 2011, three days before Defendant's motion to dismiss was set for hearing, Plaintiff filed a First Amended Complaint.  Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after service of a Rule 12 motion.  Fed. R. Civ. Pro. 15(a)(1).  Once this 21-day period has passed, as is the case here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2).  There is no indication that Plaintiff obtained Defendant's consent, nor did the Court grant Plaintiff leave to file a First Amended Complaint.  Accordingly, the Court hereby STRIKES Plaintiff's First Amended Complaint.  To the extent that the Court has granted Plaintiff leave to amend the claims in her original Complaint, she may file a Second Amended Complaint within 21 days of this Order.

### IV. Motion for Pro Bono Access to PACER and Motion to Proceed *In Forma Pauperis*

On February 28, 2011, Plaintiff also filed a Motion for Pro Bono Access to PACER. Plaintiff requests that the Court waive the fees that Plaintiff will incur in using PACER to file and have access to documents in the instant case.  It also appears that Plaintiff has an outstanding request to proceed *in forma pauperis*.  The Court has reviewed the declarations Plaintiff submitted with her application to proceed *in forma pauperis* and her motion for an order referring her to the Federal Pro Bono Project.  Based on these declarations, it appears that Plaintiff's income is based almost exclusively on government aid, that she is the sole provider for four children, and that her

12

1   only asset (aside from the property at issue in this case, which is being foreclosed upon) is her car.

2   Pursuant to 28 U.S.C § 1915(a)(1), the Court may authorize a litigant to proceed without

3   prepayment of fees if the litigant submits an affidavit demonstrating that she is unable to pay them.

4   The Court finds, based on the affidavits submitted, that Plaintiff is unable to pay the required court

5   fees without substantial hardship.  Accordingly, the Court GRANTS Plaintiff's motion to proceed

6   *in forma pauperis*.

7           The Court also finds that Plaintiff falls within the class of users eligible for a fee exemption

8   listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the

9   United States Courts and has demonstrated that a fee exemption is necessary to avoid unreasonable

10  burdens in litigating this case.  The Court therefore GRANTS Plaintiff an exemption from fees for

11  PACER and/or ECF usage.  This exemption covers only fees associated with filing and accessing

12  the electronic documents in this action.  Plaintiff shall not be exempt from the payment of fees

13  incurred in connection with other uses of the ECF or PACER system in this court.

14          Plaintiff is directed to register for PACER at www.pacer.gov.  In order to file documents,

15  Plaintiff must also register for ECF at https://ecf.cand.uscourts.gov/cand/newreg/index.html.  In

16  using PACER and ECF, Plaintiff must comply with the Federal Rules of Civil Procedure and all

17  general orders and local rules pertaining to electronic filing, including General Order 45.  After

18  registering for ECF and PACER, Plaintiff must file a notice of ECF registration.  Thereafter, the

19  Court will presume that Plaintiff receives all Court filings and other notifications when they are

20  transmitted electronically, and the Court will no longer mail filings and notifications to Plaintiff's

21  address.

22      **V.  Conclusion**

23          For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's

24  Complaint with leave to amend in part; STRIKES Plaintiff's First Amended Complaint; and

25  GRANTS Plaintiff's motions to proceed *in forma pauperis* and for a fee exemption for

26  PACER/ECF usage.  The Court has resolved the claims in Plaintiff's Complaint as follows:

27

28

13

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST
AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA
PAUPERIS

**United States District Court**
For the Northern District of California

1    (1) The Court dismisses <u>with prejudice</u> the following claims: claim (1) for TILA violations;

2        claim (3) for violations of California Financial Code § 4970; and claim (7) for violations of

3        California Civil Code § 2926.3.  Plaintiff shall <u>not</u> renew these claims in any amended

4        complaint.

5    (2) The remainder of Plaintiff's claims are dismissed with leave to amend to cure the

6        deficiencies identified by the Court.

7    **If Plaintiff wishes to pursue this action, she must file a Second Amended Complaint within 21**

8    **days of this order.**  Plaintiff may not add new claims or parties without seeking the opposing

9    party's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15.  If Plaintiff

10   fails to file a Second Amended Complaint within 21 days, the Court will dismiss Plaintiff's case

11   with prejudice.

12   **IT IS SO ORDERED.**

14   Dated: March 11, 2011

                                            _Lucy H. Koh_
15                                          _____

                                            LUCY H. KOH
16                                          United States District Judge

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; STRIKING FIRST
AMENDED COMPLAINT; GRANTING MOTION FOR FREE PACER ACCESS AND TO PROCEED IN FORMA
PAUPERIS