THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
PATRICIO A. MARQUEZ (CA Bar No. 230694)
pmarquez@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 229-2400
Fax: (213) 229-2499

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ROBERTS, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK FA, a Federal Savings Bank, organized and existing under the laws of the United States of America; JPMORGAN CHASE BANK, N.A., a national association, organized and existing under the laws of the United States of America; and DOES 1-10, inclusive,<br><br>  Defendants. | CASE NO.: C 09-1879 LHK<br>(Consolidated with lead case C 09-1855 LHK)<br><br>JUDGE:   Hon. Lucy H. Koh<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE THE 5TH, 6TH, 8TH, 9TH AND 10TH CLAIMS FROM PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 15 AND COURT'S MARCH 11, 2011 ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:    September 15, 2011<br>TIME:    1:30 p.m.<br>CRTRM:   4<br><br>Action Filed: April 29, 2009 |
| AND RELATED CROSS-ACTION | |

///
///
///
///
///

1

NOTICE OF MOTION AND MOTION TO STRIKE RE: SAC                                CASE NO. C 09-1879 LHK
2090130.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 15, 2011, at 1:30 p.m. in Courtroom 4 of the above-entitled Court located at 280 S. 1st Street, San Jose, California 95113, defendant JPMorgan Chase Bank, N.A. ("JPMorgan") will move the court to strike the fifth, sixth, eighth, ninth and tenth claims for relief from the Second Amended Complaint of plaintiff Cynthia Roberts ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure ("FRCP") 15 and the Court's March 11, 2011 Order Granting Motion to Dismiss With Leave to Amend in Part, on the grounds that Plaintiff did not seek JPMorgan's consent or leave of the Court to add those new claims in violation of FRCP 15 and the Court's Order.

The motion will be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any evidence and/or oral argument presented at the time of hearing on this matter.

Plaintiff is not represented by an attorney in this matter. Therefore, counsel for the moving Defendant was unable to meet and confer with "opposing counsel" before selecting a hearing date, as required by the Court's Standing Order Regarding Case Management in Civil Cases.

Respectfully submitted,

DATED: June 9, 2011

ALVARADOSMITH
A Professional Corporation

By: /s/ Patricio A. Marquez
THEODORE E. BACON
PATRICIO A. MARQUEZ
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") respectfully submits this Memorandum of Points and Authorities in support of its motion to strike the fifth, sixth, eighth, ninth and tenth claims for relief from the Second Amended Complaint of plaintiff Cynthia Roberts, pursuant to Federal Rule of Civil Procedure ("FRCP") 15 and the Court's March 11, 2011 Order Granting Motion to Dismiss With Leave to Amend in Part, on the grounds that Plaintiff did not seek JPMorgan's consent or leave of the Court to add those new claims in violation of FRCP 15 and the Court's Order.

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

On March 11, 2011, the Court granted JPMorgan's motion for dismiss Plaintiff's original Complaint with leave to amend. (*See* Docket No. 54 [3/11/11 Order Granting Motion to Dismiss With Leave to Amend in Part] at 13-14.) Plaintiff received leave to amend seven of her ten claims for relief. However, the Court ordered that "Plaintiff may not add new claims or parties without seeking the opposing party's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15." (*See id.* at 13-14.)

Plaintiff's Second Amended Complaint ("SAC") adds five new claims for relief: a fifth and sixth claim for "Negligence, including Negligent Infliction of Emotional Distress," an eighth claim for "Defamation Per Se (Private Figure Regarding Matter of Private Concern)," a ninth claim for "Injunction," and a tenth claim for "Accounting." Plaintiff did not seek JPMorgan's consent or leave of Court to add those claims. Accordingly, JPMorgan respectfully requests that the Court strike those claims from the SAC.

### II. RELEVANT FACTS

Plaintiff filed this action on April 29, 2009. (See Docket No. 1 [Complaint.].) The Court granted JPMorgan's motion to dismiss the original Complaint and gave Plaintiff leave to amend her (1) second claim for Violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA"), (2) fourth claim for fraud, (3) fifth claim for breach of contract, (4) sixth claim for breach of the implied covenant of good faith and fair dealing, (5) eighth claim for violation of California Civil Code § 2923.5, (6) ninth claim for violation of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 ("FDCPA"), (7) tenth claim for violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, (8) eleventh claim for violation of California Business and Professions Code §§ 17200 and 17500 and (9) twelfth claim to quiet title and (10) thirteenth claim for declaratory relief. (*See* Docket No. 54 [3/11/11 Order Granting Motion to Dismiss With Leave to Amend in Part] at 13-14.)

The Court ordered: "Plaintiff may not add new claims or parties without seeking the opposing party's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15." (*Id.* at 14.)

Plaintiffs' Second Amended Complaint asserts a (1) first claim for "Intentional or Grossly Negligent Fraud" against Washington Mutual Bank, (2) second claim for "Intentional or Grossly Negligent Fraud" against JPMorgan, (3) third claim for "Violation of California Business and Professions Code 17200 Arising Out of Acts or Omissions in Connection With Loan Servicing Activities" against Washington Mutual Bank and JPMorgan, (4) fifth claim for "Negligence, including Negligent Infliction of Emotional Distress" against Washington Mutual Bank, (5) sixth claim for "Negligence, including Negligent Infliction of Emotional Distress" against JPMorgan, (6) seventh claim for "Violation of 12 USC 2605" against Washington Mutual Bank and JPMorgan, (7) eighth claim for "Defamation Per Se (Private Figure Regarding Matter of Private Concern)" against Washington Mutual Bank and JPMorgan, (8) ninth claim for "Injunction" against JPMorgan, and (9) tenth claim for "Accounting" against JPMorgan.

Plaintiff did not seek JPMorgan's consent or leave of Court to add her fifth and sixth claims for "Negligence, including Negligent Infliction of Emotional Distress," eighth claim for "Defamation Per Se (Private Figure Regarding Matter of Private Concern)," ninth claim for "Injunction," or tenth claim for "Accounting." None of those claims were asserted in Plaintiff's original Complaint. JPMorgan concurrently moves to strike those claims for Plaintiffs' Second Amended Complaint pursuant to the Court's Order and Federal Rule of Civil Procedure 15.

III. **PLAINTIFF'S NEW CLAIMS SHOULD BE STRICKEN BECAUSE THEY VIOLATE THE COURT'S ORDER AND FRCP 15.**

The Court ordered: "Plaintiff may not add new claims or parties without seeking the

opposing party's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15." (*See* Docket No. 54 [3/11/11 Order Granting Motion to Dismiss With Leave to Amend in Part] at 14.) Plaintiff failed to seek JPMorgan's consent or leave of the Court to add her new fifth, sixth, eighth, ninth and tenth claims for relief in the Second Amended Complaint. Accordingly, those claims should be striken.

## IV. CONCLUSION

For the foregoing reasons, defendant JPMorgan respectfully requests that the Court grant its motion and strike the fifth, sixth, eighth, ninth and tenth claims for relief from the Second Amended Complaint.

Respectfully submitted,

DATED: June 9, 2011

ALVARADOSMITH
A Professional Corporation

By: /s/ Patricio A. Marquez
THEODORE E. BACON
PATRICIO A. MARQUEZ
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
*Roberts v. JPMorgan Chase Bank, et al.*
USDC Case No.: C 09-1879 LHK
(Consolidated with lead case C 09-1855 LHK)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ALVARADOSMITH, APC, 633 W. Fifth Street, Suite 1100, Los Angeles, CA 90071**.

On June 9, 2011, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO STRIKE THE 5TH, 6TH, 8TH, 9TH AND 10TH CLAIMS FROM PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 15 AND COURT'S MARCH 11, 2011 ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☒ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or FedEx Drop Box located at 633 W. Fifth Street, Los Angeles, California 90071. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on June 9, 2011, at Los Angeles, California.

/S/ Patricio A. Marquez
Patricio A. Marquez

PROOF OF SERVICE
2090130.1

1

CASE NO. C 09-1879 LHK

## SERVICE LIST
*Roberts v. JPMorgan Chase Bank, et al.*
USDC Case No.: C 09-1879 LHK
(Consolidated with lead case C 09-1855 LHK)

Cynthia Roberts  *Plaintiff in Pro Per*
107 Silverwood Drive  (831) 431-7272
Scotts Valley, CA 95066