UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA ROBERTS,<br><br>                Plaintiff,<br><br>     v.<br><br>JP MORGAN CHASE BANK, N.A., ET AL.,<br><br>                Defendants.<br><br>AND RELATED CROSS-ACTION | Case No.: 09-CV-01855-LHK<br>(Consolidated with Case No. 09-CV-01879)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING MOTION TO STRIKE; DENYING MOTION SEEKING LEAVE TO AMEND; DISMISSING RELATED CASE |

Before the Court are three motions that have been filed in case number 09-CV-01879. Defendant JP Morgan Chase Bank, N.A. ("JP Morgan"), moves to dismiss counts one, two, three, and seven of Plaintiff Cynthia Roberts's Second Amended Complaint ("SAC"); and moves to strike counts five, six, eight, nine, and ten of Plaintiff's SAC. Plaintiff seeks leave to file a Third Amended Complaint. A hearing was held on September 15, 2011. Having considered the submissions of the parties and the relevant law, the Court GRANTS Defendant's motion to dismiss, with prejudice; and Defendant's motion to strike; and DENIES Plaintiff's motion seeking leave to amend to file a Third Amended Complaint. The Court also DISMISSES the related action, case number 09-CV-01855.

**I.   Background**

1     This case arises out of a mortgage transaction between Plaintiff and Washington Mutual
2  Bank, FA, that took place over seven years ago. On August 4, 2003, Plaintiff obtained a loan for
3  $712,000, secured by a deed of trust concerning property located at 107 Silverwood Drive, Scotts
4  Valley, California (the "subject property"). Compl. ¶ 16. The subject property was Plaintiff's
5  principal residence. *Id.*

6     On April 29, 2009, Plaintiff filed two actions in federal court. In Case No. 09-CV-01855,
7  Plaintiff purported to remove a case entitled JP Morgan Chase Bank, N.A. v. Cynthia Roberts, et
8  al., Case No. CV 162767, an unlawful detainer action, from the Santa Cruz County Superior Court.
9  Plaintiff was ordered twice in October 2009 by Magistrate Judge Patricia V. Trumbull, the judge
10 previously assigned to this matter, to file the state court complaint that she purported to remove.
11 *See* ECF No. 18; ECF No. 19. Plaintiff failed to follow the Court's orders and has never filed the
12 state court complaint. Thus, it does not appear that any case was actually removed from state court
13 because Plaintiff failed to attach the state court complaint to the removal notice.

14    In Case No. 09-CV-01879, Plaintiff filed a separate Complaint against Defendants
15 Washington Mutual Bank, FA and JP Morgan Chase Bank, N.A. On June 11, 2009, Judge
16 Trumbull consolidated the two cases, and Defendant JP Morgan moved to dismiss the actions on
17 September 21, 2009. On November 24, 2009, however, Judge Trumbull learned that Plaintiff's
18 counsel had resigned from the California State Bar and stayed the case to allow Plaintiff to seek
19 another attorney or to proceed *pro se*. In September 2010, after granting several extensions of the
20 stay, Judge Trumbull issued an interim order which (1) solicited further briefing regarding
21 Defendant's motion to dismiss; (2) declined to further stay the case; and (3) referred Plaintiff to the
22 Federal Pro Bono Project in an attempt to secure pro bono representation. On November 10, 2010,
23 the Federal Pro Bono Project indicated that it was unable to secure representation for Plaintiff.
24 Finally, on January 5, 2011, the case was reassigned to the undersigned judge, and Defendant's
25 motion to dismiss was renoticed for hearing on March 3, 2011.

26    In its March 11, 2011 Order, the Court dismissed Plaintiff's claims relating to the loan
27 origination because the Purchase and Assumption Agreement through which JP Morgan obtained
28 certain assets from Washington Mutual also limited JP Morgan's liability with respect to

Washington Mutual's origination of home loans. The Court found defects in the Plaintiffs' remaining causes of action and dismissed all claims in the initial complaint. Nonetheless, Plaintiff was given leave to file a Second Amended Complaint to cure the deficiencies in Plaintiff's claims for fraud, violations of RESPA, violations of the California Business & Professions Code § 17200, breach of contract, breach of covenant of good faith and fair dealing, violation of California Civil Code § 2923.5, violation of federal and state fair debt collection practices acts, quiet title, and declaratory judgment. In allowing leave to amend the Complaint, the Court stated "If Plaintiff wishes to pursue this action, she must file a Second Amended Complaint within 21 days of this order. Plaintiff may not add new claims or parties without seeking the opposing party's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15." March 11 Order at 14, ECF No. 32.

Plaintiff filed her SAC[1] on April 1, 2011. The allegations in the SAC centered around events relating to a foreclosure sale of the subject property in early 2009. Plaintiff alleges that a Washington Mutual representative told her that she qualified for a loan modification on January 13, 2009. SAC at ¶ 17. Plaintiff alleges that Washington Mutual Bank proposed a term that the past-due amounts on the loan would be added to the note and that Plaintiff's first mortgage payment would be on April 1, 2009. SAC at ¶ 18. One week later, on January 20, 2009, the subject property was sold in a foreclosure sale. SAC at ¶ 18. Plaintiff alleges that she was given no notice prior to the date of the sale. SAC at ¶ 16. Plaintiff further alleges that JP Morgan filed an unlawful detainer action against Plaintiff on February 10, 2009. SAC at ¶ 20. On March 19, 2009 the foreclosure sale was rescinded and recorded on the same day. SAC at ¶ 20. As Plaintiff conceded at the August 3, 2011 Case Management Conference, the unlawful detainer action was dismissed by JP Morgan in May of 2009.

Plaintiff's SAC contained nine causes of action: four amended causes of action for fraud (by both Washington Mutual and JP Morgan), violations of the California Business & Professions

---

[1] On February 28, 2011, three days before Defendant's motion to dismiss Plaintiff's Complaint was set for hearing, Plaintiff filed a First Amended Complaint. The Court struck the Plaintiffs' First Amended Complaint in its March 11 Order.

3

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOT. TO DISMISS & STRIKE; DENYING MOT. TO AMEND; DISMISS RELATED CASE

Code § 17200, and RESPA; and five new causes of action for negligent infliction of emotional distress (by both Washington Mutual and JP Morgan), defamation, injunction, and accounting.

On June 9, 2011, Defendant filed a motion to dismiss the first (fraud by Washington Mutual), second (fraud by JP Morgan), third (Unfair Competition Law), and seventh (RESPA) claims in the SAC. *See* ECF No. 59. On the same day, Defendant filed a motion to strike the remaining claims in Plaintiff's SAC for negligent infliction of emotional distress, defamation, injunction, and accounting, because Plaintiff had added new claims without seeking consent of opposing counsel or seeking leave of the court. Instead of responding to Defendant's separately noticed motion to strike the new amendments to the FAC, Plaintiff filed a motion seeking leave to amend the newly added claims on July 25, 2011. ECF No. 67. Defendant filed an opposition to Plaintiff's motion for leave to file a third amended complaint on September 7, 2011. ECF No. 74.

## II. Motion to Dismiss[2]

### A. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

---

[2] Plaintiff argues that Defendant's Motion to Dismiss should be denied because the motion was was filed after Plaintiff's motion for entry of default against Defendant. The clerk, however, declined an entry of default on June 17, 2011. *See* Case No. 09-CV-1879, ECF No. 37. The Court, therefore, will hear Defendant's Motion to Dismiss.

4
Case No.: 09-CV-01855-LHK
ORDER GRANTING MOT. TO DISMISS & STRIKE; DENYING MOT. TO AMEND; DISMISS RELATED CASE

1       Additionally, claims sounding in fraud are subject to the heightened pleading requirements
2  of Federal Rule of Civil Procedure 9(b).  Under the federal rules, a plaintiff alleging fraud "must
3  state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b).  To satisfy
4  this standard, the allegations must be "specific enough to give defendants notice of the particular
5  misconduct which is alleged to constitute the fraud charged so that they can defend against the
6  charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727,
7  731 (9th Cir. 1985).  Thus, claims sounding in fraud must allege "an account of the time, place, and
8  specific content of the false representations as well as the identities of the parties to the
9  misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

### B.  Discussion

Defendant moves to dismiss claims one through three, and claim seven, of the SAC. As discussed below, the Court agrees with JP Morgan that these amended claims must be dismissed. The Court will address each claim in turn.

#### 1.  Fraud Claim Against Washington Mutual Bank

Plaintiff's first cause of action alleges that Washington Mutual, in servicing the home loan in 2009, fraudulently misrepresented that Plaintiff had been granted a loan remodification.  Given the heightened pleading standards for fraud under Rule 9(b), Plaintiff must generally identify the agent who made the alleged misrepresentation and their authority to speak as a representative on behalf of the organization. *Semegen v. Weidner*, 780 F.2d 727731 (9th Cir. 1985) *See Akhavein v. Argent Mortg. Co.* 2009 WL 2157522 at *4 (N. D. Cal. 2009); *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 07-CV-912 IEGBLM, 2007 WL 2206946 (S.D. Cal. July 27, 2007); *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1019-20 (N.D. Cal. 2009); *Edejer v. DHI Mortg. Co.*, C 09-1302 PJH, 2009 WL 1684714 (N.D. Cal. June 12, 2009); *Orlando v. Carolina Cas. Ins. Co.*, CIV F 07-0092AWISMS, 2007 WL 781598 (E.D. Cal. Mar. 13, 2007).

Plaintiff has failed to meet the heightened pleading standard here.  Plaintiff alleges that a Washington Mutual Bank "representative and/or agent" made the false representation to Plaintiff that she had received a loan modification "that she had been negotiating with Washington Mutual for some time prior." SAC ¶ 39.  Plaintiff alleges that this representation was made on or about

January 13, 2009, but plaintiff does not further identify the agent. SAC ¶ 39. Without more, Plaintiff's bare assertions that *Washington Mutual* told her that she had received a loan modification are not enough to establish who the Washington Mutual agent was, and that the agent had sufficient authority to speak on the organization's behalf. *See Akhavein*, 2009 WL 2157522 at \*4; *Arena v. Wal-Mart Stores, Inc.*, 221 F.R.D. 569, 572 (D. Kan. 2004) ("If plaintiffs cannot identify the individuals by name, they must use alternative means to more precisely identify the speaker."). Because Plaintiff has failed to meet the heightened pleading requirements under Fed. R. Civ. P. 9(b) the First Cause of Action for Fraud is DISMISSED.[3]

### 2. Fraud Claim Against JP Morgan

Plaintiff claims that JPMorgan's agents made false representations between January 28, 2009 to June 11, 2009 to Plaintiff that her house had been sold in foreclosure, and then failed to inform Plaintiff that the foreclosure was rescinded. SAC ¶ 49. As explained above, Plaintiff is required to plead with particularity the identity of JP Morgan's agent that made the alleged misrepresentations. She has only alleged that JP Morgan's representatives and/or agents made false representations, and has alleged no other identifying information regarding the JP Morgan representative. Plaintiff has also failed to identify, with sufficient particularity the dates when the allegedly fraudulent statements were made by JPMorgan's representatives. Therefore, Plaintiff has failed to meet the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b).

Moreover, Defendant argues that Plaintiff has failed to plausibly plead resulting damage from the alleged misrepresentation as required under California law. *Ach v. Finkelstein*, 264 Cal. App. 2d 667, 674 (1968). The Court agrees. Plaintiff claims that she relied upon the JP Morgan agent's misrepresentation and moved out of her home, retained counsel, and proceeded with legal remedies. SAC at ¶ 54. She concedes elsewhere in her complaint, however, that she continues to reside in the subject property, and that she has resided in the property at all times mentioned in the complaint, and that she is currently in default. SAC at ¶ 1; 35-36; Compl. ¶ 58. Thus, her claim

---

[3] Because Plaintiff has failed to meet the heightened pleading requirements, the Court need not reach the issues of whether Plaintiff has pled reliance with sufficient particularity or whether JP Morgan may be liable for Washington Mutual's loan servicing activities, a proposition this Court considered, but did not explicitly rule on, in its March 11 Order. Order at 9, March 11, 2011, ECF No. 32.

6
Case No.: 09-CV-01855-LHK
ORDER GRANTING MOT. TO DISMISS & STRIKE; DENYING MOT. TO AMEND; DISMISS RELATED CASE

that she relied on and was damaged by misrepresentations that her home was being foreclosed upon, when in fact it was not, is not facially plausible.

Plaintiff has also failed to establish that her decision to proceed with this lawsuit resulted from the alleged misrepresentations made related to the foreclosure sale. As explained above, the original complaint alleged improprieties with the loan origination of the subject property and contained no allegations regarding improprieties arising out of the foreclosure sale. Moreover, given that Plaintiff has conceded that she is in default on the loan, it is facially implausible that any costs related to this legal process arise out of the alleged misrepresentations made in 2009. For these reasons, Plaintiff's Second Cause of Action for Fraud against JP Morgan is DISMISSED.

### 3. Unfair Competition Law Claims

The UCL prohibits any "unlawful, unfair or fraudulent business practices." *See Cel-Tech Commc'ns, Inc. v Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 973 P.2d 527 (1999). "By proscribing 'any unlawful' business practice, [the UCL] 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (quoting *Cel-Tech*, 20 Cal. 4th at 180). Plaintiff claims that Defendant violated the UCL based on the predicate fraud allegations contained in counts one and two of the SAC.

As discussed above, Plaintiff's fraud claims are dismissed for failure to plead with particularity. Accordingly, Plaintiff has failed to state a UCL claim predicated upon a fraud and therefore Plaintiff's Third Cause of Action for violations of California's Unfair Competition Law is DISMISSED.

### 4. RESPA

Plaintiff has also claimed that Washington Mutual and JP Morgan failed to respond to her qualified written requests ("QWR") for information relating to the servicing of the subject loan. A correspondence must meet several statutory requirements in order to be considered a QWR under RESPA. Specifically, a QWR must relate to information regarding the servicing of the loan. 12 U.S.C. § 2605(e)(1)(A). A QWR is a written request other than notice on a payment coupon or other payment medium supplied by the servicer. *Id.* at § 2605(e)(1)(B). "The term 'servicing'

7

Case No.: 09-CV-01855-LHK
ORDER GRANTING MOT. TO DISMISS & STRIKE; DENYING MOT. TO AMEND; DISMISS RELATED CASE

means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id*. at § 2605(i)(3). The request must provide sufficient information for the servicer to identify the name and account of the borrower. *Id*. at § 2605(e)(1)(B)(i). Finally, a QWR must include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower. *Id*. at § 2605(e)(1)(B)(ii).

While Plaintiff is not required to plead her RESPA claim with heightened particularity, under Rule 9(b), she must still plead *some* factual basis to support her claim. *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Plaintiff has failed to even meet this lower standard. Other than bare assertions that Washington Mutual and JP Morgan received a QWR from Plaintiff, and that they subsequently failed to respond to the QWRs, Plaintiff has not pled any factual allegations to support her claims.[4] *See* SAC ¶¶ 84-85. She has not pled what was contained in her request or how it otherwise complied with the statutory requirements of a QWR.[5] Therefore, Plaintiff's Seventh Cause of Action for violation of RESPA is DISMISSED.

---

[4] Plaintiff states that "Washington Mutual Bank and J.P. Morgan Chase Bank received qualified written requests from Plaintiff for information relating to the servicing of the subject loan and failed in its duty, as is required under 12 U.S.C. 2605, to provide Plaintiff with a written response acknowledging receipt of the correspondence within 20 days." SAC ¶¶ 84. "Washington Mutual Bank and J.P. Morgan Chase Bank received qualified written requests from Plaintiff for information relating to the service of such loan and failed, as is required under 12 U.S.C. 2605, not later than 60 days after receipt of Plaintiffs' qualified written request, to make appropriate corrections to Plaintiffs' account, including the crediting of any late charges or penalties, and transmit to the Plaintiffs a written notification of such correction; and then, after conducting an investigation, provide Plaintiffs with a written explanation or clarification including a statement of the reasons for which Washington Mutual Bank and JP Morgan Chase Bank believed Plaintiffs' account was correct, and the name and telephone number of an individual employed by JP Morgan Chase Bank who could provide assistance to Plaintiffs." SAC ¶¶ 85.

[5] Defendant also argues that Plaintiff has failed to allege that she suffered pecuniary harm as a result of Defendant's failure to respond to her QWR. Mot. To Dismiss SAC at 10, June 9, 2011, ECF No. 59. Because the Court has found that Plaintiff's allegations suffer from other defects, the Court need not reach this argument.

1     The Court must also determine whether Plaintiff should be permitted to amend her
2 complaint to cure the deficiencies identified previously as to Plaintiff's first, second, third, and
3 seventh causes of action. Plaintiff's Second Amended Complaint is the third complaint she has
4 filed, or attempted to file, in this action. This is the second motion to dismiss that the Court has
5 granted. Plaintiff has made two attempts to plead claims for fraud, unfair competition, and
6 violations of RESPA and has not been able to do so despite the fact that Plaintiff has had since at
7 least April 2009 when she filed the original complaint to investigate and properly plead her claims.
8 It does not appear that Plaintiff has suffered any pecuniary damages as Plaintiff apparently has
9 been living in the subject property for free since 2008 when Washington Mutual issued its notice of
10 default. Plaintiff was originally represented, and when her attorney withdrew, the Court referred
11 Plaintiff to the Federal Legal Assistance Self-Help center for assistance. The Court thus finds that
12 permitting Plaintiff to file a Third Amended Complaint would be futile. Accordingly, Plaintiff's
13 First, Second, Third, and Seventh Causes of Action alleged in the Second Amended Complaint are
14 DISMISSED with prejudice.

### III.    Motion to Strike/Motion to Amend

16     In its March 11, 2011 Order, the Court dismissed Plaintiff's claims, but allowed Plaintiff to
17 amend the complaint to cure the deficiencies identified in the Order. The Court explicitly
18 explained that the Plaintiff "may not add new claims or parties without seeking the opposing
19 party's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15." March 11
20 Order at 14, ECF No. 32. Despite explicit instructions from the Court to the contrary, Plaintiff
21 filed the SAC on April 1, 2011, with new causes of action not contained in her initial complaint.
22 She did not obtain consent from counsel, nor did she seek leave of the Court before doing so. For
23 these reasons, Defendant's motion to strike the remaining new causes of action in the SAC is
24 GRANTED.

25      This is the second time that Plaintiff has attempted to circumvent the Defendant's motion
26 to dismiss or strike by filing an amended complaint without first obtaining consent from opposing
27 counsel or seeking leave of the Court. On February 28, 2011, three days before Defendant's first
28 motion to dismiss was set for hearing, Plaintiff filed a First Amended Complaint. In its March 11

1  Order, the Court struck the FAC because Plaintiff failed to obtain consent from counsel or seek
2  leave from the Court first.
3  Again, instead of following the Court's March 11 Order and seeking leave first, Plaintiff
4  filed her SAC with several new claims on April 1, 2011.  After Defendant sought to strike and
5  dismiss the SAC, on June 9, 2011, Plaintiff filed her belated leave to amend.  At this point, her
6  efforts to comply with the Court Order are several months too late.
7  In order to determine whether leave to amend should be granted, the Court must consider
8  "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
9  deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of
10 allowance of the amendment, [and] futility of amendment, etc.'" *Eminence Capital, LLC v.*
11 *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182
12 (1962)).  Plaintiff has argued only that because discovery has not started, Defendant would not be
13 prejudiced by granting her yet another leave to amend.  Mot. To Amend, July 25, 2011, at 2-3, ECF
14 No. 57-1.  The Court disagrees.  The Defendant has had to file two motions to dismiss in this case
15 already.  Allowing additional new claims at this point, under a new theory of liability, would
16 certainly burden the Defendant.
17 Moreover, several other factors weigh against granting Plaintiff's leave to amend in this
18 case.  Plaintiff has repeatedly failed to cure the deficiencies contained in the complaints presented
19 thus far.  While the Court recognizes that Plaintiff has been proceeding pro se, she is nonetheless
20 required to comply with the federal and local rules of procedure and with the Orders set forth by
21 this Court.  She has failed to do so and her conduct – by filing amendments in an attempt to
22 preemptively cure motions to dismiss and strike – has evidenced an intent to circumvent those
23 rules.
24 Additionally, as explained above, the Court finds that allowing Plaintiff to replead
25 additional causes of action would likely be futile.  Plaintiff's Second Amended Complaint is the
26 third complaint she has filed, or attempted to file, in this action.  Plaintiff has not been able to
27 sufficiently allege any cause of action for about two and a half years.  Plaintiff has had since at
28 least April 2009, when she filed the original complaint, to properly plead her claims.  Moreover, it

10
Case No.: 09-CV-01855-LHK
ORDER GRANTING MOT. TO DISMISS & STRIKE; DENYING MOT. TO AMEND; DISMISS RELATED CASE

appears that Plaintiff has been living in the subject property without making any mortgage payments since at least 2008 when Washington Mutual issued its notice of default. Thus allowance of another amendment would unduly prejudice Defendant. For these reasons, Plaintiff's motion seeking leave to amend is DENIED.

## IV.   Dismissal of Related Action 09-CV-1855

In Case No. 09-CV-01855, Plaintiff purported to remove a case entitled JP Morgan Chase Bank, N.A. v. Cynthia Roberts, et al., Case No. CV 162767, from the Santa Cruz County Superior Court.[6] The state court action was an unlawful detainer action brought against Plaintiff after JP Morgan bought the subject property in the trustee's sale. Despite the fact that Plaintiff has never filed the state court complaint, it is apparent that the state court action that Plaintiff attempted to remove is an unlawful detainer action because the notice of dismissal of the unlawful detainer action filed by Defendant bears the same case number as the case that Plaintiff has attempted to remove to this Court. *Compare* Supplemental Request for Judicial Notice, June 15, 2011, ECF No. 64, *with* Compl. in 09-CV-1855 ¶ 1.

Case Number 09-CV-1855 is dismissed for two reasons. First, the Defendant, JP Morgan, dismissed the underlying unlawful detainer action in state court several years ago, in May 2009. Defendant has submitted[7] the notice of dismissal of the unlawful detainer action. Plaintiff, likewise, admitted at the August 3, 2011 Case Management Conference that the state court unlawful detainer action which provides the basis for her attempted removal was dismissed.

---

[6]   Plaintiff was ordered twice in October 2009 by Judge Patricia Trumbull, the judge previously assigned to this matter, to file the state court complaint that she purported to remove. *See* ECF No. 18; ECF No. 19. Plaintiff has failed to follow the Court's orders and has never filed the state court complaint. It is apparent, however, that the state court action that Plaintiff attempted to remove is an unlawful detainer action because the notice of dismissal of the unlawful detainer action filed by Defendant bears the same case number as the case that Plaintiff has attempted to remove to this Court. *Compare* Supplemental Request for Judicial Notice, June 15, 2011, ECF No. 64, *with* Compl. in 09-CV-1855 ¶ 1.
[7] Defendant filed a Request for Judicial Notice of the Notice of Dismissal on June 15, 2011. *See* ECF No. 64. Plaintiff has not opposed Defendant's request. In ruling on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The Court GRANTS the notice of dismissal of the unlawful detainer action submitted by Defendant is a matter of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

11
Case No.: 09-CV-01855-LHK
ORDER GRANTING MOT. TO DISMISS & STRIKE; DENYING MOT. TO AMEND; DISMISS RELATED CASE

1  Because the state court action was dismissed by JP Morgan several years ago, case number 09-CV-
2  01855 should also be dismissed.
3  Second, this Court never had subject matter jurisdiction over the unlawful detainer action
4  that Plaintiff attempted to remove to federal court. An unlawful detainer cause of action such as
5  the one asserted in case number 09-CV-01855 does not raise a federal question. *See, e.g.*, *Litton*
6  *Loan Servicing, LP v. Villegas*, 2011 U.S. Dist. LEXIS 8018, *2 (N.D. Cal. Jan. 21, 2011)
7  (remanding unlawful detainer action to state court based on lack of federal question jurisdiction);
8  *Partners v. Gonzalez*, 2010 U.S. Dist. LEXIS 95714, at * 2-3 (N.D. Cal. Aug. 30, 2010) (same).
9  Moreover, it is well-settled that a case may not be removed to federal court on the basis of a federal
10 defense. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).
11 Thus, to the extent Plaintiff's defenses or counterclaims to the unlawful detainer action are based
12 on alleged violations of federal law, those allegations do not provide a basis for federal jurisdiction.
13 Accordingly, case number 09-CV-01855 is also DISMISSED.

### V. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's Second Amended Complaint, with prejudice; STRIKES the new amendments to the Second Amended Complaint; DENIES Plaintiff's motion seeking leave to file a Third Amended Complaint; and DISMISSES related case number 09-CV-1855.

**IT IS SO ORDERED.**

Dated: September 26, 2011

LUCY H. KOH
United States District Judge